(No. 42950.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JIMMIE POE, Appellant.

*Opinion filed May 27, 1971.*

GERALD J. McGIVERN, of WISEMAN, SHARKEWITZ & McGIVERN, of Alton, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and THOMAS P. CARMODY, State's Attorney, of Carlinville, (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, and JOSEPH P. KOVAL, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the circuit court of Macoupin County where defendant was convicted of burglary and theft, and sentenced to the penitentiary for a term of from 8 to 10 years. The defendant raised questions under the constitutions of the United States and of this State and has appealed directly to this court. 43 Ill. 2d R. 603.

Defendant objects to the trial court's refusal to grant his motion to suppress a search warrant and to the giving and refusing of certain instructions.

On September 10, 1968, the D & D Saddle Shop, at Shipman, Macoupin County, Illinois, was burglarized. On October 14, 1968, defendant Poe traded Ron Honey a "high-rise Bonna-Allen Saddle" with attached metal tag and miscellaneous riding equipment for a horse and a pony. Honey was a retailer of saddles and like equipment and had previously purchased all of his saddles for resale from the D & D Saddle Shop, and he recognized the saddle as being the same as those handled by this shop. No other saddle shops in that part of Illinois sold Bonna-Allen saddles. One of Honey's employees delivered the horse and pony to a pole barn on the defendant's premises in Madison County, and noticed saddles like those sold at the burglarized shop. Upon his return he reported this to his employer Honey, who in turn notified the owners of the D & D Saddle Shop. On October 16, 1968, the owners went to Honey's place and viewed the merchandise he had secured from defendant, and then with the employee drove to defendant's premises where they viewed from the road, a distance of 50 to 100 feet, three saddles, thought to be theirs, hanging on a rail at the pole barn.

The owners then contacted the Macoupin County sheriff's department, which in turn contacted the Madison County sheriff's department and a deputy, John Cooper, from that department with the owners of the stolen property drove past the defendant's open pole barn. The owners pointed out to the Madison County deputy the three saddles hanging on the rail, which they said "looked like theirs." This was also a view from an automobile on the roadway at a distance of 50 to 100 feet.

The Madison County deputy talked to his superior, an assistant chief deputy sheriff, and reported what the owners had told and showed him. Upon the basis of this, the superior officer applied for and received a search warrant from a magistrate in Madison County to search for the fruits of the alleged crime. In his complaint for a search

warrant, the assistant chief deputy alleged that he had information from his deputy, John Cooper, that the deputy had seen certain items believed to have been stolen in a burglary committed on September 10, 1968, in Shipman, Macoupin County, Illinois, and that those items were located in a pole barn on a certain tract in Madison County. The affidavit then described items believed to be located on the premises, and stated they were believed to have been stolen from the D & D Saddle Shop. The defendant was not present when the warrant was executed. Only a part of the property described in the complaint for search warrant was found. At the trial the property seized by the execution of the search warrant was identified as having come from the burglarized shop.

At the trial the defendant presented alibi testimony that he was in Missouri fishing on dates prior to, on the date of, and subsequent to the crime, and further produced a receipt purporting to show that he had purchased from a stranger named Phil Warren the items he traded to Honey and the items returned by the search warrant. The People presented rebuttal evidence that defendant was in the burglarized store as a customer on the day before the burglary, one of the dates on which he claims he was in Missouri fishing. One of the articles that had been traded to Honey and which was introduced into evidence was contained in a plastic bag which was identified at the trial, by a price marking contained thereon, as having come from the owners' store.

Defendant first contends the court erred in denying his motion to suppress the evidence obtained as a result of the search warrant, claiming that the affidavit was based on hearsay, that it was false, and the defendant was precluded from inquiry into its truth or falsity. We cannot agree with any of these contentions.

On the question of hearsay, the affidavit was made by an assistant chief deputy sheriff of Madison County before

a magistrate. In his affidavit he stated that John Cooper, one of his deputies, had informed him that "he has seen certain items, hereinafter detailed, believed to be stolen in a burglary, committed on or about the 10th day of September, 1968, in Shipman, Macoupin County, Illinois, and that these are located" at a specified place, followed by a specific description of the items believed to be located on the premises. The affidavit closes with the assertion that affiant requests a warrant to issue for these items "said items being fruits of and evidence of an alleged crime, to-wit: a burglary of the D and D Saddle Shop in Shipman, Illinois," on September 10, 1968.

We held in *People* v. *Francisco*, 44 Ill. 2d 373, 375, 376, that "Hearsay evidence alone can be a sufficient basis to establish probable cause, so long as there is a substantial basis for crediting the hearsay" and that "Probable cause means simply that the facts and circumstances within the knowledge of the affiant, and of which he had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was in the premises." At the hearing to suppress, the assistant chief deputy who signed the complaint for the search warrant testified he knew a burglary of the saddle shop had been committed. He knew that deputy sheriff John Cooper went out to defendant's place with the owners of the stolen equipment and that deputy John Cooper had returned and told him what he had seen. John Cooper had been a deputy sheriff for six years. These facts and circumstances within the knowledge of the affiant were sufficient to warrant a man of reasonable caution to believe what had been reported to him. The complaint for search warrant stated that the allegations therein contained were based on information given to him by John Cooper, a deputy sheriff of Madison County which under the circumstances was sufficient. "The observation of fellow officers  *  *  *  engaged in a com-

mon investigation are plainly a reliable basis for a warrant applied for by one of their members." *People* v. *McGrain,* 38 Ill.2d 189.

The defendant's challenge that the affidavit was false and that he was precluded from inquiry into its truth or falsity is also without merit. In *People v. Nakon,* 46 Ill. 2d 561, we reasserted our position that there is no constitutional or statutory right to controvert the matters declared under oath which occasioned the finding of probable cause and the issuance of a search warrant by a judicial officer. Moreover in this case, he was given an extended hearing before the court on a motion to suppress and the judge found that the warrant was properly issued. We will not disturb his findings on appeal.

The defendant tendered two instructions on alibi which were refused and two instructions (defendant's instructions Nos. 7 and 8) concerning the presumption of innocence and the necessity of proving the defendant guilty beyond a reasonable doubt, which were also refused. His instructions Nos. 7 and 8 were not IPI-Criminal instructions. This court has recently held that an instruction which is not contained in IPI-Criminal, if it is to be given, must be simple, brief, impartial and free from argument. (*People* v. *Fox,* Docket No. 42572, January, 1971; R. 451(a), 43 Ill.2d R. 451(a)). Defendant's instructions Nos. 7 and 8 are not impartial and free from argument. Furthermore, the subject matter is covered in IPI-Criminal 2.03 which was given as People's instruction No. 19. The committee note to this IPI instruction indicates that this instruction incorporates into one simple statement all the various concepts of the instruction that had previously been given in many instructions and which concepts include the areas covered by defendant's instructions Nos. 7 and 8. The court did not err in refusing to give these two instructions.

The question of alibi instructions is specifically covered by IPI-Criminal 24.05 where the committee recom-

mends that no instruction on this subject be given, noting that alibi is not an affirmative defense and that the policy of the committee was that instructions should avoid commenting on particular types of evidence. It was not error for the trial court to refuse to give the defendant's two instructions on the subject of alibi.

The court gave People's instruction No. 17 which stated: "If you find that the defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by burglary or by theft, or by burglary and theft." This is IPI-Criminal instruction No. 13.21. The court has long instructed on this subject and in *People* v. *Surace*, 295 Ill. 604, at page 612, this court stated that an instruction in substantially the same language would be proper. This court has restated this proposition of law in *People* v. *Hawkins*, 27 Ill. 2d 339, and in *People* v. *Woods*, 26 Ill. 2d 557. There is no error in the giving of this instruction.

Defendant tendered an instruction to counteract the effect of People's instruction No. 17. It in effect stated that the recent possession of stolen property must not be so remote in time after the theft as to have given the thief an opportunity to dispose of the goods or the defendant to acquire them honestly. The court refused to give this instruction. Defendant cites *People v. Kubulis* (1921), 298 Ill. 523, in support of this instruction. The language of the tendered instruction is an abstract statement of a proposition of law lifted from *Kubulis*. It was not an IPI-Criminal instruction. It is not complete in that it does not state for what purpose the recent possession must not be so remote in time; such as, before an inference can be raised, before defendant can be found guilty, *etc*. The court properly refused this instruction.

*Judgment affirmed.*