2 Ill. App.3d 429 (1971)
275 N.E.2d 472
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
HENRY WATERS et al., Defendants-Appellants.
Nos. 70-203, 70-204 cons.
Illinois Appellate Court  Second District.
November 18, 1971.
*430 E. Roger Horsky, Illinois Defender Project, for appellant.
Honorable Philip G. Reinhard, State's Attorney, of Rockford, (Daniel D. Doyle, Assistant State's Attorney, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE SEIDENFELD delivered the opinion of the court on Rehearing:
The defendants were convicted of Armed Robbery after a jury trial. They claimed they were not identified beyond a reasonable doubt as perpetrators of the crime, and that various trial errors require an outright *431 reversal, a reversal for a new trial, or a reversal for a limited hearing on the identification evidence.
The amed robbery occurred in a lighted home over a period of approximately four and one-half to five hours, between approximately 10:30 P.M. on September 30th, 1969, and approximately 3:00 A.M. on October 1st. These defendants, who are brothers, were indicted as being two of three men who invaded the home and inflicted various savage acts of physical and psychological torture upon the victims in an effort to induce them to disclose the location of money believed by the robbers to be hidden in the house. One of the robbers wore a mask throughout. The defendants were identified as being the unmasked robbers-Henry Waters by two of the victims, Mrs. Betty Vella and her daughter Kathy Vella, and Gilbert Waters by Mrs. Vella.
No motion to suppress the identifications was made at any time. However, defendants now suggest that "impermissible suggestions could have occurred, irrevocably tainting the in-court identifications." This argument is principally based upon the fact that the State, in answer to a discovery motion, responded that Kathy Vella identified Gilbert Waters and, thereafter, prior to trial amended this to read Henry Waters; and that in detective Frank England's affidavit in support of a search warrant he stated that he showed Mrs. Vella "a number of photographs of possible suspects," and that the record does not show the circumstances relating to the times of observation and identification.
 1, 2 The defendants suggest that the defendants were "nominated" as suspects  noting that the police were aware of the existence of Henry Waters before the date of the crime in connection with a previous arrest  and that this influenced the out-of-court and later in-court identifications. The record does not support this argument, and it remains pure speculation. The defendants have cited People v. Holiday (1970), 47 Ill.2d 300 in support of their request that the cause be remanded for a limited hearing on the validity of the in-court identifications. The case is not authority for this procedure on the facts present here. In Holiday, the record clearly showed that the manner in which photographs were shown to witnesses was inherently suspect so that the opportunity of the identification witnesses to observe the defendants was critical to a determination of whether their viewing of the defendant's photograph was likely to lead them to a mistaken identity. Therein, the court could not conclude from the very limited opportunity the witnesses had to observe that the identification testimony was properly admitted without a preliminary hearing-which had been denied. Here, (in addition to the fact that no such preliminary hearing was requested and no motion made to suppress the in-court identification) there are not similar circumstances *432 which would cast doubt on the photo identification procedure. The opportunity to observe, particularly by Mrs. Vella, was extraordinarily present at numerous occasions over a long period of time. Defendants have asked us to consider discrepancies in the witnesses' description of the defendants and differences between their actual appearance at the trial and the descriptions given, but we consider these matters as going to the credibility of the witnesses and the weight to be given their testimony. See People v. Setzke (1961), 22 Ill.2d 582, 586.
 3 From our review of the entire record, we find that the positive in-court identifications were sufficient to independently establish the identity of the defendants beyond a reasonable doubt. See People v. Watkins (1970), 46 Ill.2d 273, 278; People v. Hunter (1961), 23 Ill.2d 177, 179, 180; People v. Brown (1959), 16 Ill.2d 482, 485; People v. Hudson (1970), 46 Ill.2d 177, 189; People v. Triplett (1970), 46 Ill.2d 109, 113.
Defendants next urge that the trial court erred in permitting Mrs. Vella to identify a photograph of the car (admittedly that of defendants) which was taken some eighteen days after the date of the robbery, as depicting an automobile which she testified she had observed passing slowly by her house the morning of September 30th. Mrs. Vella testified to the particular things she had noticed about the car, including details of a broken tail-light, spots of primer paint, and the general battered condition of the car. Defendants claim that the testimony was being suggested by the photo which she was looking at when she testified and that she was giving its details and not necessarily what she had observed previously. Defendants liken the issue to that of a "show-up" and again suggest a remandment per People v. Holiday, 47 Ill.2d 300, supra, at page 311, for a hearing into the circumstances bearing on the admissibility of the testimony identifying the automobile.
 4, 5 We do not agree that photographs of objects referred to by a witness in corroboration of some aspect of her testimony are thereupon subject to all the prophylactic rules relating to the identity of the persons of defendants charged with crime (e.g., Stovall v. Denno (1967), 18 L.Ed.2d 1199; Simmons v. United States (1968), 19 L.Ed.2d 1247, 1253; People v. Holiday, 47 Ill.2d 300, supra at pages 306, 307.) The issues are similarly, however, fundamental fairness of trial procedure and whether evidentiary rulings affect substantial rights of the accused. No facts in this record have been shown to demonstrate such unfairness, and we will not presume that there was undue suggestion. See People v. Watkins, 46 Ill.2d 273, supra, at page 278.
 6 The prosecutor, in final argument, said that Mrs. Vella had seen Henry Waters driving the car the morning of September 30th. This was erroneous, as Mrs. Vella did not testify that she had seen Henry Waters *433 in the car. (There was testimony of another witness that he had seen Henry Waters driving in the same car some four days earlier.) No objection was made to the statement at the trial, nor was it specifically raised in the motion for a new trial. We do not consider this to be in any way the kind of "plain error" which would be grounds for reversal. The case of People v. Burton (1969), 44 Ill.2d 53 cited by defendants in support of this argument is clearly inapplicable. See People v. Trefonas (1956), 9 Ill.2d 92, 98.
 7 Defendants also claim that the trial court erred in refusing to instruct on the defense of alibi. Based upon the recent Supreme Court decision of People v. Poe (1971), 48 Ill.2d 506, 511, 512, we granted a rehearing and have withdrawn our previous opinion. We now hold that it was not error for the trial court to refuse to give an alibi instruction.[1]
The judgment below is affirmed.
Judgment affirmed.
ABRAHAMSON and GUILD, JJ., concur.
NOTES
[1] In the opinion which we have withdrawn we noted inter alia: "This appears to be a question of first impression in Illinois following the publication of I.P.I. Criminal. However, no previous Illinois case has held, when there are proofs sufficient to raise the defense, that a defendant is not entitled to an alibi instruction; and in The People v. Scott, 401 Ill. 80, 86 (1948), the court held the refusal to give an alibi instruction was reversible error. The difficulties encountered in framing an alibi instruction in terms which will not mislead a jury on the State's burden of proof account for the "troubled history" of particular types of alibi instructions noted and charted in detail in The People v. Pearson, 19 Ill.2d 609, supra, at pages 612-614, and may be a further argument for omitting the instruction. Nevertheless, the great weight of authority appears to favor the view that it is error to refuse to instruct a jury as to alibi and, further, that the requirement is not satisfied by general instructions that guilt must be proved beyond a reasonable doubt. See 53 Am. Jur.-Trial-Sec. 659; see also Pattern Instructions, New York-Form 28; Wis. J.I., Sec. 775-1962; Cal. J.I.C. 4.50, 3dEd, 1370-123; Fla. Sec. 35.91; Ohio, Sec. 90.1 et seq.; Dist of Columbia, Instruction 116; and 7th Cir. Ct of Appeals, Sec. 5.01-all approving instructions on the subject of alibi, with supporting authorities. See also Anno: 118 A.L.R. 1303 et seq. This view is consistent with the Illinois cases which hold that a defendant is entitled to instructions supportive of his theory of the case if there is even slight evidence as a basis. See, e.g. The People v. Matter, 371 Ill. 333, 338, 339 (1939)." While the People v. Poe, 48 Ill.2d 506, supra, did not refer to Scott, it must be taken as inferentially overruling that authority.