THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES E. MARINO, Defendant-Appellant.

(No. 71-320;

Second District—June 1, 1972.

Morton Zwick and Matthew J. Moran, both of Defender Project, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Jack Hoogasian, State's Attorney, of Waukegan, (James B. Zagel, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant, James E. Marino, was indicted for one count of burglary and two counts of theft in excess of $150. A jury found him guilty of theft and he was sentenced to the penitentiary for a term of 5 to 8 years. His appeal to the Supreme Court was transferred to this court and, while the cause was pending, defendant filed a supplemental brief, *pro se*, alleging additional points of error. We shall separately respond to the contentions raised in each brief.

—I—

Admitted into evidence during trial were certain alleged stolen items siezed from defendant's apartment in a search conducted pursuant to a warrant. (In pre-trial proceedings, defendant had moved to suppress such evidence but his motion was denied.) The sole issue raised by the original brief and reply was whether the search warrant had been validly issued, questioning whether (based upon the complaint and affidavit filed [1]

---

[1]    *COMPLAINT FOR SEARCH WARRANT*

"1. AFFIANT: SARGEANT THOMAS BROWN, Deputy Sheriff of the County of Lake, State of Illinois, being first duly sworn on oath states that on July 24, 1969, at or about 4:00 p.m. he investigated the scene of a burglary at 201 Little Melody Lane, Lake Forest, Illinois.

2. INFORMANT: Upon arriving at the scene, he was informed by MRS. RICHARD GRATIOT, owner of the premises, that on the previous day, July 23, 1969, when she returned to her home after she had been shopping, she observed an early model Cadillac, 1969 Illinois License No. GD 9632, parked in her closed garage door. This observation was made as she lifted the front garage door to park her automobile therein. She next observed the early model Cadillac accelerate from its parking place in her garage and, after nearly striking her, drive down her driveway and into the street. MRS. RICHARD GRATIOT, described the driver

there being no other evidence introduced at the hearing on the warrant) the magistrate had sufficient information to conclude there was probable cause to believe that certain stolen items could be found in defendant's apartment.

Defendant claims that while the facts set forth in the affidavit might

of the above-mentioned vehicle to your Affiant as follows: A white male with dark hair and a very bushy mustache. She further stated to Affiant that upon inspection of her premises she observed the following items missing: .38 caliber S & W, Chief Special Revolver; Serial No. 67669; one box .22 caliber Magnum amunition; one box .38 caliber Wadcutter; one 35 mm Minota Camera, No. B574451; one pair 7 x 35 binoculars, No. 6214, two pillow cases; one brown single strip, 23, Sports Roll Bag, Assorted Coins, one Ivory Handled Sword and Scabbard.

3. CORROBORATION: Upon Affiant's inspection of the above-mentioned premises, he determined that forcible entry had been gained by breaking a window pane on a window located on the north side of the home. Upon entering the premises your Affiant noted that several dresser drawers had been pulled out and various articles of clothing and personal affects strewn about. Observation of the garage floor revealed heavy black tire marks.

Your Affiant was informed by the Waukegan Police Department that MARY MARINO, the registered owner of the vehicle observed by MRS. RICHARD GRATIOT, is the wife of JAMES E. MARINO, a known criminal and burglar as more fully set out in Paragraph 4 below.

Your Affiant pursuant to the investigation proceeded to 2620 North Lewis Avenue, Waukegan, Illinois, the last known address of said JAMES E. MARINO. Upon arrival your Affiant conversed with the owner of this single family residence, JAMES J. FREDDENBURG, and determined that JAMES E. MARINO no longer resided therein; however, JAMES E. MARINO was using that residence to store certain of his items of personal property. With the consent of the said JAMES FREDDENBURG, your Affiant examined the items of personalty and determined that they were the fruit of a previous burglary of a home located at 1316 Nathanhald Drive, Venetian Village, Lake Villa, Illinois, on April 14, 1969.

Upon being shown by Affiant a photograph of JAMES E. MARINO, MRS. RICHARD GRATIOT stated that the photograph was similar to the person she had observed driving away from her property on July 23, 1969.

The above described 1960 Cadillac Coupe de Ville, bearing 1969 Illinois License No. GD 9632 was last observed by your Affiant at 1709 McAree Road, Waukegan, Illinois. Investigation of the premises at 1709 McAree Road, Waukegan, Illinois reveals that MARY MARINO and JAMES E. MARINO reside in Apartment 1, 1709 McAree Road, Waukegan, Illinois.

4. RECORD Your Affiant pursuant to your investigation has obtained the criminal record of JAMES E. MARINO from the Federal Bureau of Investigation. A photostatic copy of this criminal record consisting of five pages is attached hereto; made a part hereof; and specifically incorporated within the body of this Affidavit by reference.

YOUR AFFIANT further states that from the above information and corroboration the described articles mentioned herein are located in Apartment 1, 1709 McAree Road, Waukegan, Illinois.

WHEREFORE, your Affiant prays that a search warrant may be issued according to law.

> S/ Thomas Brown
> Deputy Sheriff
> Lake County"

(Complaint verified and sworn to)

have constituted probable cause to believe he had committed theft, there was merely a conclusion set forth, without fact, upon which to base probable cause to believe that the stolen items could be found in his apartment. To support his position, defendant cites *United States v. Flanagan* (5th Cir. 1970), 423 F.2d 745; *Gillespie v. United States,* (8th Cir. 1966), 368 F.2d 1; and *United States v. Whitlow* (7th Cir. 1964), 339 F.2d 975. We do not find defendant's cases controlling.

The State contends that whenever a thief obtains stolen property, an inference can be drawn that he will secrete the same in his residence; that if, from the affidavit, it is apparent that there is probable cause to believe defendant is a thief, then, *ipso facto,* there is probable cause to believe contraband will be found in his residence. However, we do not here concern ourselves with general inference about thieves.

■■ The magistrate, in addition to the facts indicating that the defendant stole the questioned articles, was aware, from the face of the affidavit, that other stolen articles had been discovered in defendant's former residence. It was not at all unreasonable for the magistrate to conclude that if the defendant stored stolen property in his former residence, there was probable cause to believe he might do so again at his present address.

The defendant argues that stolen goods kept at a former residence cannot be used as a basis in finding probable cause since this information was the product of an unconstitutional search. (*Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 2d 441, 83 S.Ct. 407.) Going to defendant's last known address (a single-family residence), the police were informed by the owner of the property that defendant no longer lived there, but was using the residence to store certain items. The owner consented to an examination of these items. It is defendant's position that the owner could not validly consent to a search of defendant's property (the stored articles), citing *Stoner v. California* (1964), 376 U.S. 483, 11 L.Ed.2d 856, 84 S.Ct. 889; and *People v. Miller* (1968), 40 Ill.2d 154.

■■ The law in Illinois is that:

"* * * where two persons have equal rights to the use or occupation of premises, either may give consent to a search * * *." *People v. Shambley* (1954), 4 Ill.2d 38, 42.

One co-tenant may validly consent to a search of the premises shared with another co-tenant. (*People v. Palmer* (1962), 26 Ill.2d 464, 470; *People v. Smith* (1969), 108 Ill.App.2d 172, 181.) The owner of a single-family residence, *formerly* occupied by defendant, has more than an equal right to use or occupy the premises; he has *superior* rights to use and possession. Therefore, the owner could validly consent to the search. Defendant's assertion in oral argument that a landlord cannot consent

to a search of the tenant's quarters is inapplicable because the defendant no longer resided in the home. *Stoner v. California, supra,* and *People v. Miller, supra,* are distinguishable in that the consent given in those cases was for the search of property which was not owned, occupied or possessed by the consenting party.

██  We hold that the warrant was valid.

—II—

Defendant's *pro se* brief raises numerous issues.

*Pertinent to instructions:*

██  It is claimed that the trial judge erred in giving an instruction based upon IPI—Criminal 1.01 which sets out the functions of the court and jury. Defendant objects to the paragraph which states:

"*   *   * You should consider all the evidence in light of your own observations and experience in life   *   *   *."

We find no error in this regard since the Supreme Court of Illinois has approved informing the jury that it has the "right to consider the evidence in the light of their own knowledge and observation in the affairs of life   *   *   *." (*People v. Rogers* (1959), 16 Ill.2d 175, 181—182.) Challenged, also, is the following portion of the same instruction:

"*   *   * You *should* disregard questions and exhibits which were withdrawn or to which objections were sustained.

You *should* also disregard testimony and exhibits which the court has refused or stricken.

The evidence which you *should* consider consists only of the testimony of the witnesses and the exhibits which the court has received   *   *   *." (Emphasis added.)

It is alleged that "should" is not equivalent to "must" and infers that the jurors could, if they desired, consider improper evidence. We believe that these challenged sections clearly inform the jurors that they could not consider certain exhibits and testimony.

██  An instruction based upon IPI—Criminal 26.01, providing that the verdict must be unanimous, is challenged on the basis that it does not allow for a "hung jury." We find no merit to this contention. It is elementary that a verdict must be unanimous, *People v. Lobb* (1959), 17 Ill.2d 287, 298, and the jury must be informed of this fact. This instruction is entirely proper and does not preclude a hung jury. *People v. Stapelton* (1972), 4 Ill.App.3d 477, 281 N.E.2d 76, 80.

██  Although defendant did not tender an alibi instruction, he now asserts that the trial court erred in not submitting such an instruction on its own motion. Refusal to give such an instruction is not error. *People v.*

*Poe* (1971), 48 Ill.2d 506, 511—512; *People v. Hawkins* (1972), 4 Ill. App.3d 471, 281 N.E.2d 72, 76; *People v. Waters* (1971), 2 Ill.App.3d 429, 275 N.E.2d 472, 475.

Error is alleged in that the trial court gave burglary instructions. Defendant also argues that there was a fatal variance between the proof and allegations as set forth in Count I of the indictment. Both of these arguments concern the charge of burglary for which defendant was not convicted and will, therefore, not be considered.

*Defendant argues that several of the prosecuting attorney's closing remarks were prejudicial.*

■■ Defense counsel in his closing argument brought out the fact that, although the State alleged that defendant burglarized a certain home and stole various items, there was evidence that no fingerprints were found in the residence. The State, in rebuttal argument, stated, "Could not the defendant have worn gloves that day, and I submit that he did. No, he's not going to leave prints anywhere if he wore gloves. And he did wear gloves * * *." Defendant claims prejudicial error on the basis that there was no evidence in the record to indicate that defendant had worn gloves. There was no error committed. Where there is evidence that no fingerprints were found on a weapon or at the scene of a crime, it is permissible for counsel to express a theory as to why no prints were discovered. *People v. Roberts* (1971), (Ill.App.2d), 272 N.E.2d 768, 774.

■ Prejudicial error is asserted when the State, in closing, raised the question of why defendant failed to call an alleged "alibi" witness to testify. The authority in this State is in conflict as to whether the prosecution can comment on defendant's refusal to call alibi witnesses. (*People v. Nilsson* (1970), 44 Ill.2d 244, 248.) Upon examination of the record, we conclude that even if the prosecutor's remarks were improper, they did not result in substantial prejudice to the defendant and thus did not constitute reversible error. *People v. Nilsson, supra,* 248.

■■ The following remarks of the prosecutor are challenged as improper and prejudicial:

"Finally, Mr. Flanigan mentions the burden of proof, which I have, beyond a reasonable doubt. I must prove the elements of these crimes beyond a reasonable doubt * * * It doesn't mean any doubt, any doubt at all. You and I may have a doubt in our mind * * * but tomorrow is Wednesday, but is our doubt a reasonable one * * * You may have some slight doubt. There is doubt as to everything that goes on today, we are in such a complex world. But is your doubt a reasonable one * * *."

It has long been the law that a jury instruction defining reasonable doubt

should not be given because of the futility in attempting to define or elaborate on the term. (*People v. Whittaker* (1970), 45 Ill.2d 491, 495-496; *People v. Zertuche* (1972), 5 Ill.App.3d 303.) Concomitantly, counsel, when addressing the jury, should not attempt to define or elaborate upon reasonable doubt. (*People v. Malone* (1970), 126 Ill.App.2d 265, 270.) In *Whittaker, supra,* at p. 496, an instruction concerning reasonable doubt was challenged by the defendant. The Supreme Court held that the instruction merely elaborated upon, but did not define, reasonable doubt and that, although it should not have been given, reversible error was not committed. In the case at bar, the prosecutor's comments did not define but merely elaborated upon the concept to the same extent as the instruction in *Whittaker.* Since the instruction in *Whittaker,* which emanated from the judge, did not constitute reversible error, we find no reversible error in the similar but less authoritative comments of the prosecutor.

Defendant raises another argument based upon the prosecutor's speculation as to why no fingerprints were found. We have already discussed this issue. Additionally, it is argued that the prosecutor improperly expressed to the jury his individual opinion of defendant's guilt. We cannot find anywhere in the record where the prosecutor expressed such personal belief.

■■ Finally, defendant alleges that the evidence was insufficient to support the guilty verdict. However, his entire argument concerns the crime of burglary for which he was not convicted, and the possible crime of theft as defined in Section 16—1(a) of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, sec. 16—1(a)). He does not challenge conviction of theft based upon Section 16—1(d) of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, sec. 16—1(d)) for which he was also indicted. This offense involves possession of stolen property under circumstances reasonably indicating that the property was stolen. We have reviewed the record and are satisfied that the evidence is sufficient to justify a conviction for the latter type of theft.

Finding no error, we affirm the judgment of the trial court.

Judgment affirmed.

ABRAHAMSON and GUILD, JJ., concur.