**UNITED STATES of America ex rel. Gilbert WATERS and Henry Waters, Petitioners-Appellants,**

v.

**Peter BENSINGER, Director of Corrections, Respondent-Appellee.**

**No. 72–1966.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 15, 1973.

Decided Jan. 31, 1974.

**104**

Julius Lucius Echeles, Chicago, Ill., for petitioners-appellants.

William J. Scott, Atty. Gen., and Robert E. Davy, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before KILEY, Senior Circuit Judge, STEVENS, Circuit Judge, and WYZANSKI, Senior District Judge.*

PER CURIAM.

Appellants seek reversal of the district court's denial of their petition for a writ of habeas corpus. They unsuccessfully claimed in the district court that their rights under the due process clause of the Fourteenth Amendment were denied by the Illinois state trial court which had convicted them of armed robbery. Appellants' principal ground for seeking reversal is that the state court refused their request to instruct the jury on

their defense. Appellants' subsidiary point is that in their case the state court changed the juducial rule with respect to alibis, and in their view this constituted a constitutionally impermissible retroactive law.

In the state criminal trial court, appellants offered without let or hindrance evidence respecting an alibi and also arguments to the jury in support of their defense of an alibi. But the trial judge, though asked to do so, did not instruct the jury on the defense of alibi. The Illinois appellate court, as a matter of state law, first reversed the convictions because of the trial judge's failure to give an alibi instruction, but that court on rehearing withdrew its opinion and affirmed the convictions. People v. Waters, 2 Ill.App.3d 429, 275 N.E.2d 472 (2d Dist.App.1972).

 The initial question is whether there is any merit to the suggestion that a state violates the due process clause of the federal constitution when it changes the rule of substantive law by a judicial opinion contrary to the state court's earlier judicial views. Such a change is not a retroactive law of the type prohibited by the federal constitution, and the state is as free by judicial opinion to change its criminal as its civil law, irrespective of the effect of the change upon cases pending in a lower state court. Cf. Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Great Northern Ry. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364–365, 53 S.Ct. 145, 77 L.Ed. 360 (1932).

 The second and main question is whether as a matter of federal constitutional law the Illinois state convictions deny due process because the state judge failed to give an alibi instruction. No authority precisely in point has been drawn to our attention. But as a matter of principle, and as a matter of analogy, we are clear that the failure of the state court's trial judge to give the alibi instruction does not involve a point of such

---

* Senior District Judge Charles Edward Wyzanski, Jr., of the District of Massachusetts, is sitting by designation.

fundamental nature in the pursuit of justice as to merit protection by the Fourteenth Amendment. "Normally . . . instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues." Grundler v. State of North Carolina, 283 F.2d 798, 802 (4th Cir., 1960) See Kearney v. Peyton, 360 F.2d 589 (4th Cir., 1966); Greyson v. Com. of Kentucky, 333 F.2d 583 (6th Cir., 1964); McDonald v. Sheriff of Palm Beach County, 422 F.2d 839 (5th Cir., 1970) There is no reason in this case not to follow the cited analogies. Logically, an alibi is not an exculpatory defense; it is merely a method of disproving the prosecution's case. Some have thought it difficult to frame instructions on the alibi defense without confusing the jury on the major principle that the government has the burden of proof of every essential element of the crime charged. Indeed the Illinois Judicial Conference [Illinois Pattern Jury Instructions, Criminal, 24.05 (Chicago, 1968)] seems to have had this view. While we as federal judges may not be overwhelmingly impressed with this Illinois state view, it is not our direct concern to tell state judges how to instruct juries. Reasonable differences in state practice, whether founded on confidence or lack of confidence in the capacity of trial judges and juries, are permissible under the federal constitution. Except in extreme cases we federal judges are not the guardians of the guardians of state law.

*Ex majore cautela* we observe that, unlike Stump v. Bennett, 398 F.2d 111 (8th Cir., 1968). Johnson v. Bennett, 414 F.2d 50 (8th Cir., 1969), and Smith v. Smith, 454 F.2d 572 (5th Cir., 1972), this case does not present the question whether it is constitutionally permissible to instruct the jury that the defendant must bear the burden of proving an alibi—an instruction which has the effect of shifting from the prosecution to the defense the burden of proof.

Judgment affirmed.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.