THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD DOUGLAS MAXEY *et al.*, Defendants-Appellants.

Fourth District   No. 12477

Opinion filed April 15, 1976.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellants.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendants were tried by a jury and convicted of murder. Each defendant received a sentence of imprisonment of not less than 30 nor more than 60 years. We affirm.

■■ The first issue presented is whether defendants were proven guilty beyond a reasonable doubt. Both the defendants' and the victim's activities on the night in question were extensively described by various witnesses. Defendants attempt to show that they could not have been the murderers because of the testimony which placed defendants at crucial places during the period involved. The testimony of only one of the many witnesses was inconsistent with the possibility of defendants having committed the murder. That one witness's estimate of the time was just that—an estimate, not based on observation of a clock or watch. The inconsistency created was a matter of a few minutes. We do not believe that this creates a reasonable doubt. We have very carefully reviewed the record and defendants' arguments. We find it unnecessary to detail in this opinion the extensive testimony which was given. The credibility to be given to the witnesses' testimony is for the triers of fact. The evidence incriminating defendants is more than substantial. Although all the evidence was circumstantial, the jury is not required to search out a series of potential explanations compatible with innocence and elevate them to the status of reasonable doubt. *People v. Greene*, 27 Ill. App. 3d 1080, 328 N.E.2d 176; *People v. Bernette*, 30 Ill. 2d 359, 197 N.E.2d 436.

Defendants argue that their right to effective appellate review has been denied because of the failure to transcribe the hearing held on defendant Harold Maxey's motion to suppress evidence seized pursuant to a search warrant. Defendants have not attempted to argue on this appeal that the evidence was illegally seized, or that the ruling on the motion was incorrect, only that their constitutional right to review has been denied.

We first note that this question was not set forth in defendants' post-trial motion, nor did that motion contend that evidence illegally seized had been admitted during the trial.

■■ In addition we have examined the entire report of proceedings of the hearing on the post-trial motion and find that no mention of this

question was made to the trial judge, nor did defendants then contend that evidence which should have been suppressed had been received in evidence. Failure to raise an issue in a post-trial motion constitutes waiver of that issue even though questions of constitutional dimensions are involved. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856.) Despite defendants' failure to preserve the issue we have examined their contentions.

■■ It was at the preliminary hearing that counsel made an oral motion to suppress. The docket entry reflected the fact that a hearing was held. It is unclear whether or not any testimony was heard on the motion. The associate judge conducting the preliminary hearing denied the motion. The defendants had no appeal from that order. However, it was not this order which permitted the evidence, alleged to have been illegally seized, to be introduced during the trial on the merits. When a motion to suppress has been made and denied at the preliminary hearing stage, and the defendant desires to exclude certain evidence from the trial on the merits, he must make a motion to suppress pursuant to section 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, §114—12(d)), or object at trial. Defendant did neither. There is no indication in the record that the trial judge was even aware that a motion to suppress had been previously made and denied. The trial judge is not bound by an order denying suppression entered at the preliminary hearing stage. *People v. Holland*, 56 Ill. 2d 318, 307 N.E.2d 380.

■■ Defendants have failed therefore to avail themselves of the statutory provisions for raising the question, of whether or not evidence should be suppressed, in a manner which would have resulted in a ruling which could subsequently be appealed if adverse and a record which could be reviewed. The lack of a transcript of the proceedings at the preliminary hearing stage does not under these circumstances deny the constitutional right to effective appellate review.

■■ Defendants argue that a police officer, who lacked the qualifications of a ballistic expert, was nevertheless allowed to testify as an expert and that this was reversible error. Defendants cite *People v. Berkman*, 307 Ill. 492, 139 N.E. 91, and *People v. Fiorita*, 339 Ill. 78, 170 N.E. 690. The case at bar is distinguishable. The officer's testimony here was not a ballistics comparison but merely observations made about the physical characteristics of the shells found in defendants' apartment and material found in the body of the victim. The comparisons were not of rifling characteristics, etc., but the color and shape of the shells, characteristics which would be obvious to any observer. The trial court has a wide discretion in admitting testimony of experiments and demonstrations. (*People v. Velez*, 72 Ill. App. 2d 324, 219 N.E.2d 675.) No abuse was present here.

Defendants argue that the trial court committed error by refusing their non-IPI instruction on the jurors' individual responsibilities while giving IPI Criminal No. 26.01, which read:

"When you retire to the jury room you will first elect one of your members as your foreman or forelady. He or she will preside during your deliberations upon your verdict.

Your agreement upon a verdict must be unanimous. Your verdict must be in writing and signed by all of you, including your foreman or forelady.

Faithful performance by you of your duties as jurors is vital to the administration of justice.

You will be provided with four forms of verdict. When you have unanimously agreed upon your verdict you will select the form which reflects your verdict and sign it as I have stated.

The forms of verdict which you will receive read as follows."

■■ Defendants argue 26.01 eliminates the possibility of a hung jury and misinforms jurors of the extent of their responsibility. This argument has been repeatedly rejected. (*People v. Hammers*, 35 Ill. App. 3d 498, 341 N.E.2d 471; *People v. Jones*, 6 Ill. App. 3d 669, 286 N.E.2d 87; *People v. Marino*, 5 Ill. App. 3d 778, 284 N.E.2d 54.) The jury must be informed of the fact that a verdict must be unanimous. This instruction does so. It does not preclude the possibility of a hung jury.

The instruction submitted by defendants stated:

"The Court instructs the jury that the Defendants are presumed to be innocent until their guilt is established by such evidence as will exclude every reasonable doubt. Therefore, the law requires that no man shall be convicted of a crime until each and every one of the jury is satisfied by the evidence in the case to the exclusion of every reasonable doubt that the Defendants are guilty as charged. If any one of the jury after having duly considered all of the evidence and after having consulted with his fellow jurymen should entertain such reasonable doubt, the jury cannot in such case find the Defendants guilty."

The court is not required to give an instruction on matters that are fully and fairly covered by other instructions. (*People v. Poe*, 48 Ill. 2d 506, 272 N.E.2d 28.) IPI Criminal 26.01, together with IPI Criminal 2.03 ("Presumption of Innocence—Reasonable Doubt—Burden of Proof Generally") cover the matters in the instruction submitted by defendants. By Supreme Court Rule 451 (Ill. Rev. Stat. 1973, ch. 110A, §451), IPI instructions are preferred to non-IPI instructions. Therefore the trial court's refusal was not error.

■■ The last contention of the defendants is that their sentences of 30 to 60 years were excessive. It is well established that a sentence within the

limitations prescribed by the legislature should not be disturbed on appeal unless it is greatly at variance with purposes and spirit of the law. *People v. Sprinkle*, 56 Ill. 2d 257, 307 N.E.2d 161.

Defendants argue that their lack of serious felony records and their young age justify a reduction. However, the defendants had extensive juvenile records and misdemeanor convictions.

This same argument was advanced in *People v. Jones*, 12 Ill. App. 3d 643, 299 N.E.2d 77. In *Jones*, defendant, 18 years old and without a previous record, was sentenced to a term of 75 to 100 years after he was convicted of murder. The court stated that defendant would be eligible for parole after 20 years and that the trial court was in a better position to make a proper determination of the necessary sentence.

The evidence establishes that the defendants searched for the victim, prepared to kill. We see no justification for reduction of the sentences under these circumstances.

Accordingly the judgment and sentence of the circuit court of Macon County is affirmed.

Judgment affirmed.

CRAVEN, P. J., and GREEN, J., concur.