THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OSCAR TORRES, Defendant-Appellant.

Second District   No. 2—90—0528

Opinion filed April 29, 1992.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Kathleen T. Zellner, of Kathleen T. Zellner & Associates, of Naperville, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NICKELS delivered the opinion of the court:

Defendant, Oscar Torres, was convicted by a jury of armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—2(a)) based on a theory of accountability. Defendant appeals, asserting that the trial court's response to an inquiry by the jury that the jury must reach unanimous agreement on the verdict improperly coerced a guilty verdict and that the State improperly introduced evidence and argument of defendant's invocation of his right to remain silent. We affirm.

On September 21 and 22, 1988, two gas stations in the Rockford area of Winnebago County were robbed at gunpoint by Corey Hughes. Hughes was arrested on September 23, 1988, and eventually pleaded guilty to the second robbery. Hughes gave police a statement identifying defendant as the driver of the car used during the robberies. Hughes further testified at trial that defendant not only drove Hughes to each of the gas stations and waited outside while Hughes committed the robberies, but also provided the gun used in both robberies and received a share of the money stolen from each gas station. However, none of the victims could identify either the car used or the driver.

Defendant was arrested later on September 23, 1988, and, after being taken to the Rockford police department, was advised of his rights, each of which he acknowledged. In response to the arresting officers' indication that they were investigating the robberies, defendant volunteered that he did not have a gun. When the officers told defendant that Hughes had already implicated defendant, defendant admitted that he had given the gun to Hughes, driven the car used during each offense, and received an amount of money from each robbery that matched the amount in Hughes' statement. However, defendant proclaimed that he had not entered either gas station and had in fact remained in his car the entire time, except to step outside briefly to relieve himself. Defendant agreed to sign a written statement to this effect, but when the statement was reduced to typewritten form, defendant said that he wanted to speak with an attorney.

The officers testified that they then ceased all questioning, and defendant was placed in a holding cell while the officers contacted the State's Attorney. Defendant objected to the officers' testimony referring to the call to the State's Attorney, but not to the reference to defendant's request for an attorney. That objection was overruled. Defendant was eventually charged with only the September 21, 1988, offense.

Defendant pleaded not guilty, and, although defendant exercised his privilege to remain silent and did not testify, defendant's counsel argued that defendant's not-guilty plea inherently denied that defendant provided the gun and participated in the offense. Rather, defendant's counsel argued that the officers' conduct had coerced defendant, who was only 17 years old and who had never before been arrested, to make the incriminating statements. He argued that despite the officers' technical compliance with the dictates of *Miranda*, the officers failed to explain the significance of those rights to defendant, which defendant did not fully comprehend because of his youth. Defendant's counsel asserted that the officers' failure to affirmatively offer to allow defendant to call his parents or an attorney was calculated to take advantage of defendant's youth, inexperience, and fears. However, defendant's motion to suppress evidence of defendant's statements based on the same argument had been denied prior to trial because the officers had correctly treated defendant as an adult. Ill. Rev. Stat. 1987, ch. 37, par. 805—3 (defining "minor" as under 17 years of age).

In addition to the officers' recitation of defendant's voluntary post-arrest statements, the State offered the testimony of Hughes to corroborate the officers' testimony. Defendant attacked Hughes' testimony as incredible and fabricated for the purpose of obtaining a reduced sentence. However, an assistant State's Attorney testified that Hughes had neither been offered nor received a plea bargain. Hughes attempted to assert his fifth amendment privilege, which the court found inapplicable, to avoid testifying against defendant. Hughes also attempted to place a telephone call to defendant the evening before his testimony.

In closing argument, the State commented that "the first thing notable about what the defendant told [the officers] is not what he said, it's what he didn't say. He did not say it was a total surprise to me that this guy Corey had a gun. He did not say I didn't really want to do these armed robberies but other people pushed me into it. He did not say Corey did the driving around and I just rode around in my

car and I had given him the keys. He didn't say anything like that." Defendant, however, failed to object to these comments.

After 2 hours and 10 minutes of deliberations, the jury sent the trial court a note that read: "[p]lease advise of the rules based on a hung jury. We are not in total agreement; and, are having misunderstandings on the instruction of the law. We have an 8 to 4 split." The court determined, however, that this inquiry did not indicate that the jury was deadlocked, and, therefore, a *Prim* instruction was not yet necessary. (*People v. Prim* (1972), 53 Ill. 2d 62, 72-76.) Rather, the court instructed the jury to refer to the court's prior instructions and continue its deliberations and, expressly relying on Illinois Pattern Jury Instructions, Criminal, No. 26.01 (2d ed. 1981) (hereinafter IPI Criminal 2d), that "[y]our agreement on a verdict must be unanimous."

Sometime later, the jury returned a guilty verdict. Defendant appeals and asserts that the officers' testimony that defendant requested an attorney and the State's argument of defendant's failure in his voluntary statement to deny his purposeful involvement in the offenses impermissibly infringed defendant's exercise of his fifth amendment right to remain silent. Defendant further asserts that the trial court's direction to the jurors that they were required to reach unanimous agreement on the verdict coerced a guilty verdict.

■ Defendant raises three issues pertaining to the right to remain silent. First, defendant asserts his sixth amendment right to counsel was impaired by the testimony of the officers that, after giving a voluntary post-arrest statement, defendant requested an attorney. Initially, we note that the sixth amendment right to counsel does not attach until a defendant is indicted or arraigned. (*People v. Thompkins* (1988), 121 Ill. 2d 401, 433.) Thus, in this instance only the common-law prophylactic right to counsel necessary to protect a defendant's constitutional right to remain silent was implicated. (*Michigan v. Tucker* (1974), 417 U.S. 433, 446, 41 L. Ed. 2d 182, 194, 94 S. Ct. 2357, 2364-65; *McNeil v. Wisconsin* (1991), 501 U.S. 171, 176, 115 L. Ed. 2d 158, 167, 111 S. Ct. 2204, 2208.) Defendant also contends that the State's comments during closing argument on the omissions in defendant's statements impermissibly impaired defendant's right to remain silent. Specifically, the State argued that defendant's failure to tell the officers that he was surprised when Hughes committed the robberies demonstrated defendant's intent that the robberies occurred. Defendant neither objected to these alleged errors at trial nor raised them in his post-trial motion. Defendant's final ar-

gument relative to his right to remain silent is that these two errors cumulatively denied him a fair trial.

■ The failure to object at trial or to raise an error in a post-trial motion waives such error. (*People v. Enoch* (1988), 122 Ill. 2d 176.) However, Supreme Court Rule 615(a) provides a limited exception to the waiver rule for plain error affecting substantial rights. (134 Ill. 2d R. 615(a).) Two occasions provide the basis for a finding of plain error. First, when the evidence is closely balanced, a reviewing court may consider an improperly preserved error to preclude the argument that an innocent person was wrongly convicted. (*People v. Herrett* (1990), 137 Ill. 2d 195, 209; *People v. Gacho* (1988), 122 Ill. 2d 221, 239.) Second, if an error is fundamental and of such magnitude that a defendant has been denied a fair trial, a court may consider the alleged error under the plain-error exception to the waiver doctrine. (*Herrett*, 137 Ill. 2d at 214; *Gacho*, 122 Ill. 2d at 239.) Thus, we first consider whether the evidence was so closely balanced that the jury's verdict may have been influenced by these alleged errors.

Without considering the propriety of the challenged portion of the State's argument, such comments were directed only to defendant's intent and to rebut the defense theory that defendant's presence had been inadvertent or unintentional. In light of the officers' testimony of defendant's voluntary post-arrest statements and Hughes' testimony of defendant's participation, the evidence is overwhelming that defendant committed the offense. Defendant provided the gun, drove the car, and received a share of the stolen money. In addition, evidence of defendant's participation in a second identical robbery the next day rebutted any argument that defendant lacked the requisite intent.

Defendant's counsel essentially argued that the officers had coerced defendant to make his statements, apparently based on Hughes' perjured statement, to which he later testified and in exchange for which Hughes received a plea bargain. Such argument is belied by the lack of a plea bargain and Hughes' attempts to evade testifying against defendant. The jury was free to reject such unfounded argument in evaluating the credibility of the officers and Hughes and instead base its verdict on its observation and assessment of the witnesses' demeanors while testifying. (*People v. Ellis* (1978), 74 Ill. 2d 489, 496.) Thus, we conclude that the evidence was not closely balanced.

Nor do we find that defendant has demonstrated fundamental error prejudicing him and affecting a substantial right. A reviewing court may grant relief under this second exception only if the error is

so prejudicial that the trial court could not have cured the error by the giving of an instruction after sustaining an objection. (*Herrett*, 137 Ill. 2d at 215.) Comment on an accused's post-arrest silence, although generally improper, does not rise to the level of substantial and fundamental error of such magnitude so as to deprive a defendant of a fair trial where the evidence is not closely balanced. (*Herrett*, 137 Ill. 2d at 215; *People v. Stewart* (1984), 104 Ill. 2d 463, 488; *People v. Lucas* (1981), 88 Ill. 2d 245, 251-52.) Thus, the State's reference to defendant's silence does not rise to the level of plain error in this instance.

■ Defendant's assertion of error in the admission of the officers' testimony that defendant requested an attorney similarly fails to rise to the level of plain error. Such testimony merely completed the officers' description of the events surrounding defendant's statements and explained why defendant's statements remained unsigned. Testimony that a defendant requested an attorney does not impair his prophylactic right in the presence of an attorney to protect the right to remain silent when such testimony is elicited to demonstrate the trustworthiness of a defendant's preceding voluntary post-arrest statements. (*People v. Chriswell* (1985), 133 Ill. App. 3d 458, 463.) In the present instance, where defendant's theory of defense explicitly asserted that his statements were the product of coercion, such explanation was warranted. (See *People v. LeCour* (1988), 172 Ill. App. 3d 878, 884-85 (nontestifying defendant's silence admissible to rebut defense argument that defendant gave exculpatory statement); see also *People v. Bradley* (1989), 192 Ill. App. 3d 387, 392-93 (evidence of circumstances surrounding voluntary post-arrest statements is proper); *People v. Foster* (1990), 199 Ill. App. 3d 372, 380-82 (voluntary statement included defendant's silence as to one offense and vehement denial of other offenses).) Thus, defendant has failed to demonstrate that these alleged errors, either separately or together, under either prong of our plain-error analysis rise to a level warranting such exception to the doctrine of waiver.

■ Defendant also contends, however, that the trial court improperly coerced the jury's guilty verdict by responding to its inquiry on the rules for a hung jury by repeating IPI Criminal 2d No. 26.01 that its agreement on a verdict had to be unanimous. A court is required to instruct the jury that its verdict must be unanimous. (*People v. Maxey* (1976), 37 Ill. App. 3d 905, 908.) Such instruction does not impermissibly eliminate the possibility of a hung jury. (*Maxey*, 37 Ill. App. 3d at 908.) Although a court should not instruct a jury repeatedly on any facet, the giving of a repetitious but accurate instruction

alone is not reversible error. *People v. Smith* (1949), 404 Ill. 125; *People v. Vaughn* (1945), 390 Ill. 360.

The trial court determined that a deadlock instruction was not necessary, which after only slightly more than two hours of deliberation was not an abuse of discretion. (*People v. Cowan* (1985), 105 Ill. 2d 324, 327-28.) When an instruction is not based on pattern instructions, the court's response must be simple, brief, impartial, and free from argument (134 Ill. 2d R. 451(a); *People v. Branch* (1984), 123 Ill. App. 3d 245, 251) and may not coerce any member of the jury into changing his position merely to secure a verdict. (*Branch*, 123 Ill. App. 3d at 251.) The relevant inquiry when such non-IPI instruction is given, therefore, is whether under the totality of the circumstances the language used actually coerced or interfered with the deliberations of the jury to the prejudice of the defendant. *People v. Gregory* (1989), 184 Ill. App. 3d 676, 681.

However, in advising the jury that its agreement on the verdict must be unanimous, the trial court did no more than reiterate an approved IPI instruction already given and one which has expressly been found not to eliminate the possibility of a hung jury. (See *Maxey*, 37 Ill. App. 3d at 908.) Although it is advisable to avoid repeating any instruction and thereby lending added weight or emphasis to such instruction, mere repetition of an accurate instruction is not reversible error. (See *Smith*, 404 Ill. at 135.) Thus, in light of the trial court's use of an approved IPI instruction to respond to the jury's inquiry and the recognized propriety of such instruction as a proper statement of the law not eliminating the possibility of a hung jury, we find no reversible error in the response of the trial court to the jury's inquiry.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

DUNN and McLAREN, JJ., concur.