(No. 30803.—

The People of the State of Illinois, Defendant in Error, *vs.* Helen Stanko, Plaintiff in Error.

*Opinion filed March 24, 1949.*

HARRY J. BUSCH, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, MELVIN S. REMBE, W. S. MIROSLAWSKI, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

After a jury trial in the criminal court of Cook County defendant was found guilty of attempting to procure an abortion on one Clara Liepski, and was sentenced to imprisonment for a term of five to ten years. She prosecutes this writ of error for a review of the record.

The evidence on behalf of the prosecution disclosed that Clara Liepski was advised by a physician that she was pregnant; that she thereafter consulted defendant for the purpose of obtaining an abortion, paying her a fee of $150; and that defendant then performed a brief operation consisting of inserting a length of small rubber tube, commonly known as a catheter, into the uterus of the patient. It was further shown that shortly after her departure Clara Liepski was accosted by police detectives and taken to an office where a physician examined her, removed the catheter and ascertained that she was pregnant. This physician testified that an abortion was not necessary for the preservation of her life, and that if the catheter had not been removed for a considerable length of time the patient would have aborted.

In addition the prosecution produced four witnesses, each of whom testified to a similar transaction, for the purpose of proving the element of intent. Their testimony as to similar offenses was admitted over defendant's objection. In view of our conclusion it is necessary to relate only the testimony of the last of such witnesses, and the

corroborating testimony of her doctor. The testimony of this woman, one Marie Lucarelli, was to the effect that having become pregnant she visited defendant for the purpose of an abortion; that defendant first used a catheter and told her to return the following day; that the next day she returned and defendant inserted instruments into the vagina of the witness, who then felt as if there were clipping and scraping operations being performed within her; that two days later she called defendant, complaining of a pain in her stomach and a backache. Defendant replied it might be a cold and advised the witness to take a laxative. Defendant also suggested she take a cab to the office, but witness replied that she was without sufficient funds to pay a taxi fare. On defendant's advice witness then took a laxative and immediately felt worse. Four days later she called in a physician, who administered penicillin, prescribed other drugs as well, and had her enter a hospital.

This physician then testified that he diagnosed the condition as a pelvic infection, describing its details and relating how it can result from scraping with unsterile instruments; and that after examining the witness he went to a police station and reported the matter to them and also called the coroner's office and reported the case there.

In his argument to the jury the prosecutor dwelt at length upon the details of this unrelated operation, proclaiming: "And, thank God for penicillin, and so penicillin was administered, or you might not have had the testimony of Marie Lucarelli." Almost the entire argument was devoted to the testimony concerning the other offenses, particularly that involving Marie Lucarelli.

Defendant contends that the testimony relating to the details of Mrs. Lucarelli's operations and her post-operative condition was not relevant to the issue of criminal intent, and that the admission of this evidence, over objections, constituted prejudicial error. In this we think she is cor-

rect. While evidence of similar offenses is competent in cases of this character for the purpose of proving the intent of the accused in performing the act charged, (*People* v. *Rongetti,* 338 Ill. 56, 58,) evidence of subsequent events not directly related to the commission of the prior offense itself is not admissible. (*People* v. *Hobbs,* 297 Ill. 399.) The effect of these irrelevant details was clearly aggravated by the character of the prosecutor's argument to the jury, which was obviously calculated to arouse emotional indignation in the jurors and to create the belief in their minds that defendant was a common or habitual criminal. It is incumbent upon the trial court to see that the State's Attorney treats a defendant fairly in his argument and that only competent evidence is produced during the trial. *People* v. *Black,* 367 Ill. 209, 214.

Defendant also complains of an instruction, given to the jury, which defined the crime of abortion, not the offense of attempted abortion with which the defendant was charged. The instruction is admittedly erroneous, but the People maintain that defendant was not prejudiced thereby. They contend that the jury was not misled, as a reading of the indictment and a further given instruction, which told the jury that the crime charged was attempted abortion and which defined the elements of that offense, made clear the correct nature of the charge. We cannot agree with the State's position. The law requires that the jury shall be instructed only concerning the crime charged. The giving of an instruction defining a different offense is not cured by the presence of an accurate one, because it cannot be shown whether the jury followed the correct or the erroneous instruction. (*People* v. *Gilday,* 351 Ill. 11, 21.) Moreover, the second instruction was also inaccurate in that it failed to include the element of failure to consummate an abortion. (*People* v. *Heisler,* 300 Ill. 98.) The elements enumerated therein therefore do not constitute the crime of attempted abortion, and the instruction

is as erroneous as the one defining abortion in the language of the statute.

Further errors are argued by defendant which it is unnecessary for us to consider.

We are not unmindful of the rule, urged by the prosecution, that the purpose of review is not to obtain a perfect record but to determine whether guilt was proved beyond a reasonable doubt by competent evidence in a fair and impartial trial. However, the errors committed are of more than minor import, and refute the contention that this trial was fair and impartial. The law does not provide one method for trying innocent persons and another for trying guilty ones. The rule that a judgment will not be reversed where the evidence clearly establishes the defendant's guilt does not justify the total disregard of the rights of a prisoner on trial for an alleged crime. *People v. Newman,* 261 Ill. 11.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*