(No. 35961.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE SULLIVAN, Plaintiff in Error.

*Opinion filed January 23, 1962.*

WOODROW W. HODGE, of Chicago, appointed by the court, (HOWARD T. SAVAGE, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

George Sullivan and Anthony Latino were indicted in the criminal court of Cook County for illegally selling and dispensing narcotics to Sterling Hart. Sullivan was tried separately by the court, found guilty of unlawfully selling narcotics and sentenced to not less than 5 nor more than 15 years confinement in the penitentiary. The judgment convicting Sullivan is now before us on writ of error.

The evidence shows that officers of the narcotics division of the Chicago police department, acting on information of certain narcotic activity, made arrangements for Sterling Hart to act as purchaser in a controlled sale. Hart was searched to make certain he had no money or narcotics and was then given seven $1 bills, the serial numbers of which had been recorded. Officers McDermott and Heitman and Treasury Agent Termoglie accompanied him to a restaurant at Paulina and Polk Streets. Hart met Anthony Latino at the restaurant, they had a conversation, and Hart gave Latino the seven $1 bills. Latino then left, walked to 815 South Hermitage and entered the front door of the building. McDermott, who had followed Latino, went to the rear of the building. About 30 minutes later Latino came out of the rear of the second floor apartment and started back to the restaurant. Hart met him in front of the restaurant where

Latino gave him a small silver foil package and then went into the restaurant. Hart took the package to the officers who performed a field test on its contents and determined the package contained a derivative of opium. The officers entered the restaurant and arrested Latino. They then went to the rear of the second floor apartment at 815 South Hermitage, arrested the defendant, and found on his person five of the $1 bills that Hart had given to Latino. McDermott testified that Sullivan admitted receiving the bills from Latino and stated he did not have any heroin on the premises because he had sold it all to Latino.

We agree with defendant's contention that the evidence fails to show he sold narcotics to Hart. While the evidence shows that he may have sold heroin to Latino, it does not show that he participated in the sale to Hart. For this reason the judgment must be reversed. *People v. Davis,* 13 Ill.2d 211.

The judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*