(No. 37251.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TULLIO RUSCITTI, Plaintiff in Error.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

HERBERT M. WETZEL, of Chicago, (DEMETRI M. SPIRO and EDWARD F. ZAHOUR, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

The defendant, Tullio Ruscitti, and one Harry Harding were jointly indicted by the grand jury of the criminal court of Cook County for the crime of armed robbery. Harding pleaded guilty and the defendant was tried by the court without a jury and found guilty. We have issued a writ of error to review the judgment of conviction.

We have found it difficult to understand the contentions advanced by the defendant on this writ of error. He argues that, in some manner, his indictment and subsequent conviction deprived him of due process of law and the equal protection of the laws. This contention seems to be based upon the fact that the defendant was indicted and convicted as a principal, while the evidence showed that he was an accessory. The defendant advances the unique argument that this amounts to "guilt by association."

The Criminal Code provides that an accessory before the fact shall be considered a principal and shall be punished accordingly. (Ill. Rev. Stat. 1961, chap. 38, sec. 582.) It is not necessary that the indictment against the accessory describe the circumstances as they actually occurred, but

it is sufficient if the accessory is charged with the legal effect of the acts performed by him. (*People* v. *Bates,* 16 Ill.2d 290, 295.) There was abundant evidence here to prove that the defendant was guilty as an accessory before the fact and his indictment and conviction as a principal was proper and did not violate any of his constitutional rights.

As a branch of this same argument the defendant contends that there was a fatal variance between the indictment and the proof, since the indictment charged that he and Harding committed the armed robbery, while the evidence showed that Harding was the person who actually carried the gun used in the robbery. What we have said heretofore in this opinion is sufficient to answer this argument. The evidence showed that the defendant was the driver of the car on the occasion of the robbery and participated in a division of the proceeds. He was an accessory before the fact and he is therefore regarded, in the eyes of the law, as being guilty of armed robbery. There was no variance.

Finally, it seems to be contended that the defendant was deprived of due process of law because he was tried and convicted in the criminal court, while another participant in the robbery was tried under the Family Court Act, and another minor accomplice escaped prosecution. The person who was tried in family court was 14 years of age and it was entirely proper and within the prosecutor's discretion to proceed against him under the Family Court Act, rather than under the criminal law. The defendant was 18 years of age and was not subject to the provisions of the Family Court Act pertaining to delinquent children (Ill. Rev. Stat. 1961, chap. 23, par. 2013.) Insofar as the other alleged accomplice is concerned, there is nothing in the record to show what disposition was made of this case. In fact, counsel for the defendant stated for the record in the trial court that the record was silent as to the presence or whereabouts of this person. The contention presently advanced by the defendant is therefore not open to considera-

tion. We feel impelled to note, however, that even if it were established that the State did not prosecute the other alleged minor accomplice, this would fall far short of establishing that the defendant was deprived of any constitutional right, for it is within the sound discretion of the State's Attorney to determine whether a person should be prosecuted.

We are of the opinion that the record is sufficient to support the conviction, and the judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*