(No. 36280.—▮▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERTO BUENO, Plaintiff in Error.

*Opinion filed November 14, 1966.*

FREDERICK W. TEMPLE, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Chicago, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and KENNETH L. GILLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

In 1960 defendant Roberto Bueno and Thomas Wright were indicted by the grand jury of the criminal court of Cook County for the crime of illegally selling narcotics to Eugene Nicoletti. The indictment also charged possession of narcotics, dispensing of narcotics to Nicoletti, and conspiracy to sell and dispense narcotics. They were jointly tried by the court without a jury and found guilty on the count charging illegal sale, and defendant Bueno was sen-

tenced to the penitentiary for a term of 10 to 12 years. The conviction of Wright was affirmed (*People* v. *Wright, 27* Ill.2d 557), and the cause is now before us on a writ of error to review the conviction of defendant Roberto Bueno. A constitutional question with respect to unlawful search and seizure is presented by the record. Although in view of the disposition which we make of the case it is unnecessary to consider the constitutional question, we retain jurisdiction. *People* v. *Nastasio*, 19 Ill.2d 524, 528.

The facts are set out in considerable detail in the *Wright* case and need only be briefly repeated here. Nicoletti, a police officer, testified that after being introduced to Wright by a man known only as Johnny, he persuaded Wright to sell him some narcotics. The first delivery Wright made was a substance other than narcotics, and when Nicoletti complained Wright told him that he thought Nicoletti was a government agent. Nicoletti persuaded Wright that he was not connected with the authorities and gave Wright money to make another purchase. Nicoletti followed Wright and observed him enter and leave a poolroom and two taverns. After leaving the poolroom Wright handed Nicoletti a package containing narcotics and gave him a description of the person from whom he had purchased them. Another police officer searched the area and, after first arresting another person answering the description Wright had given and finding that he was not the one who had sold the narcotics, arrested the defendant Bueno. Upon searching him the officers found the money which they had previously given Wright.

The defendant contends that the judgment of conviction must be reversed because the indictment charged him and Wright with the sale of narcotics to Nicoletti and the evidence shows, at the most, that the defendant sold narcotics to Wright. We agree with this contention. In *People* v. *Davis*, 13 Ill.2d 211, the defendant was charged with the sale of narcotics to White, a minor. The evidence showed

that White had been arrested for possession of narcotics. He was supplied with money by the police for the purpose of purchasing narcotics. White gave the money to a third party who purchased narcotics from the defendant, and then delivered the drugs to White. There was no evidence that the defendant had ever met or had any dealings with White. We held that so far as the record indicated, any sale of narcotics by the defendant was to the third party and reversed the judgment of conviction because the evidence failed to prove the crime of selling narcotics to White as alleged in the indictment. In *People* v. *Sullivan,* 23 Ill.2d 582, George Sullivan and Anthony Latino were indicted for selling narcotics to Sterling Hart. Arrangements were made by the police for the controlled purchase of narcotics by Hart. Hart was given money to make the purchase and gave the money to Latino who returned with narcotics which he gave to Hart. Thereafter, Sullivan was arrested and the money which had been given to Hart was found in Sullivan's possession. Sullivan admitted selling narcotics to Latino. We held that while the evidence showed that Sullivan might have sold narcotics to Latino, it did not show that he participated in any sale to Hart. We reversed the judgment of conviction, relying on the *Davis* case. We are of the opinion that the facts here cannot be distinguished from those in the *Sullivan* and *Davis* cases. The State contends that *Davis* may be distinguished because that indictment charged the sale to White, who was a minor, and that the law provided an aggravated penalty for such a sale. The matter of increased penalty for a sale to a minor was not discussed in our opinion in the *Davis* case and was not the basis for our decision. The State has been unable to draw any distinction between this case and the *Sullivan* case but claims that that case should be limited to its facts. In our opinion these cases are controlling here. There was no evidence that the defendant had any knowledge that Nicoletti was the ultimate purchaser and at the most the evidence

showed a sale by the defendant to Wright, a crime which was not charged in the indictment.

The State has argued this case as if the issue involved was a question of variance between the indictment and the proof and relies upon the rule that such a variance is not fatal unless substantial prejudice to the defendant can be shown. We believe this principle is inapplicable here. The question is not one of variance but of whether the State proved the charge set forth in the indictment. (*Cf. People v. Cohen,* 352 Ill. 380, 383.) This the State failed to do and the judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*