(Nos. 40740, 40755 cons.-
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
EUGENE MILLER and WILLIAM BABITSCH, Appellants.

*Opinion filed June 21, 1968.*

WARD, J., took no part.

BELLOWS, BELLOWS & MAGIDSON, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

William Babitsch and Eugene Miller were jointly tried in the circuit court of Cook County by jury and convicted of the crime of abortion. Each defendant was sentenced to the penitentiary for a term of not less than 5 nor more

than 10 years. They prosecuted separate appeals to the appellate court and that court, in separate opinions, affirmed the judgments of conviction. We allowed leave to appeal in each case and consolidated the cases for hearing and disposition in this court.

The facts are fully set forth in the opinion of the Appellate Court in *People* v. *Miller,* 82 Ill. App. 2d 304 (see also *People* v. *Babitsch,* 82 Ill. App. 2d 299), and need not be stated at length here. However, a brief summary of the facts is necessary for an understanding of the issues on this appeal. Prior to trial the defendant Babitsch moved for a separate trial on the ground that Miller had made a statement incriminating Babitsch. The court denied the motion and said that in the interest of fairness any reference to Babitsch in Miller's statement would be deleted. The prosecutor said that he might not even use the statement.

The complaining witness, Elaine Grossman, testified that she made arrangements with Miller, who was a friend of her roommate, to have an abortion performed. She testified that Miller said that he could procure the services of a doctor for a fee of $400 and she paid him this amount. Sometime later she received a telephone call from a Dr. Williams and a date was arranged for the abortion. The doctor, identified at the trial as the defendant Babitsch, subsequently appeared at Miss Grossman's apartment and performed the abortion.

Thereafter, the defendant Miller was arrested at a private home where he was employed to care for a bedridden invalid. At the time of the arrest, the officer asked the owner of the home if he could search an automobile in the garage. The owner gave her consent and the officer searched the trunk of the car and discovered a bag containing medical instruments and supplies. It was established at the trial that the car was owned by Miller and not by the owner of the house. Defendant Miller moved to suppress this evidence but the motion was denied and the bag and

contents were admitted in evidence. The defendant Babitsch objected to the admission of the contents of the bag but the court ruled that the articles were admissible against both defendants.

The officer who arrested Miller testified that he asked Miller if he had committed an abortion on Miss Grossman and that Miller replied, "No. My partner, William Babitsch, performed the operation. But we split the money."

The defendant Miller contends that the articles found in the search of the car should not have been admitted in evidence. The State attempts to support the search of the car on the basis of the consent to the search which was given by the owner of the house. The State argues that she had apparent authority to consent to the search and that therefore the search was reasonable. We agree with Miller's contention that the articles found in the car should have been suppressed. The principal object of the fourth amendment to the United States constitution is the protection of privacy rather than property and the courts have increasingly discarded fictional and procedural barriers resting on property concepts. (*Warden, Maryland Penitentiary* v. *Hayden,* 387 U.S. 294, 304, 18 L. Ed. 2d 782, 87 S. Ct. 1642, 1648.) In a somewhat similar situation involving the consent by a hotel clerk to the search of a hotel room, the United States Supreme Court held that the search was unlawful. The court stated, "Our decisions make clear that the rights protected by the Fourth Amendment are not to be eroded by strained applications of the law of agency or by unrealistic doctrines of 'apparent authority.' " (*Stoner* v. *California,* 376 U.S. 483, 488, 11 L. Ed. 2d 856, 84 S. Ct. 889, 892.) Regardless of the officer's good faith in making the search and his reliance upon the consent given by the owner of the house, the fact remains that it was Miller's constitutional right which was at stake. The officer had no warrant for the search and it is not claimed that the search was incident to the arrest. The only justification

asserted for the search is the consent of the owner of the house and, as pointed out above, this consent did not waive Miller's constitutional protection against a search of his property. For this reason the judgment of conviction as to Miller cannot stand and the cause must be remanded for a new trial.

The defendant Babitsch argues that the court should have granted a severance because of the incriminating statement of Miller and also that the admission in evidence of this incriminating statement constituted prejudicial error. It is the rule that when a motion for separate trial is based on the fact that a co-defendant's confession implicates the moving defendant a severance should be granted unless the prosecution declares that the admission will not be offered in evidence at the trial, or if offered that there will be eliminated therefrom any and all reference to the party applying for a severance. (*People* v. *Clark,* 17 Ill.2d 486, 490.) In the *Clark* case a severance was granted but a confession of a co-defendant implicating the defendant was admitted in evidence with a cautionary instruction that it should not be considered by the jury insofar as the defendant's guilt was concerned. We held that the admission of such evidence was reversible error in spite of the cautionary instruction. In *People* v. *Smuk,* 12 Ill.2d 360, a severance had been granted but evidence was admitted of oral statements of a co-defendant implicating the defendant. We ruled that such evidence was highly prejudicial and warranted a new trial. In the present case, Babitsch had requested a severance based upon the possibility that Miller's statement incriminating him might be admitted in evidence. The court denied the request for a separate trial and the very thing which Babitsch had feared occurred. The testimony of the officer that Miller told him that Babitsch performed the abortion was so highly prejudicial to Babitsch that a new trial is required. The State contends that the jury was properly admonished not to consider the evidence.

Even if the ruling on evidence on which the State relies could be so construed, the prejudicial effect of the testimony would remain and would be sufficient to require reversal. (*Bruton* v. *United States,* 36 L.W. 4447; *People* v. *Clark,* 17 Ill.2d 486, 492.) Because of the error in admitting this prejudicial evidence the judgment of conviction as to the defendant Babitsch must be reversed and cause remanded for a new trial.

Because this case must be remanded for a new trial we believe it appropriate to consider other claims of error relating to matters which might arise on a second trial. Each defendant complains of the fact that an officer brought out, by implication at least, that the defendants were being investigated for other crimes. Both the court and the prosecutor recognized that this evidence was improper and care should be taken on a second trial to eliminate any possible reference to other crimes having no relation to the present charge.

The defendant Babitsch argues that the contents of the bag found in Miller's car should not have been admitted as to him. It is the rule that physical evidence may be admitted provided there is evidence to connect the objects found with the defendant and with the crime. There was no showing that the objects found in the bag were used in the abortion, and while it is not necessary to show that an object admitted in evidence was actually used, it is required that the object at least be suitable for the commission of the crime. (*People* v. *Magby,* 37 Ill.2d 197, 202.) The only testimony as to the nature of the objects found in the bag was the testimony of the arresting officer. He stated as to one instrument that he "believed" that it was a vaginal speculum which was used to hold open the vaginal area of a female. He identified another object as "a tray of some kind", and another as a hypodermic needle. He also identified a bottle of antiseptic and some cotton. As to two other instruments, he stated that he did not know what they were. In our

opinion the contents of the bag were not sufficiently identified with the crime to be admissible. Furthermore, they were found in the co-defendant's car and there was a lack of connection established between these objects and the defendant Babitsch. On any subsequent trial these objects should be ruled inadmissible insofar as the defendant Babitsch is concerned.

The defendant Miller claims that it was error to permit the officer to testify that he admitted performing 6 other abortions. It is established that in cases of this character evidence of similar offenses is competent to prove the intent of the accused in performing the act charged. (*People* v. *Stanko,* 402 Ill. 558, 561.) We are of the opinion that the testimony that Miller admitted performing 6 other abortions was admissible for the limited purpose of showing intent.

Certain other claims are advanced but they relate to matters that will probably not arise on a new trial. The judgments of the Appellate Court, First District, are reversed and the cause is remanded to the circuit court of Cook County for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.