THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WALTER KIJOWSKI, Defendant-Appellant.

Third District   No. 77-175

Opinion filed July 6, 1978.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

Defendant, Walter Kijowski, was convicted of burglary following a jury trial in the Circuit Court of Will County. He was sentenced to a term of imprisonment of not less than 3 years nor more than 9 years. He appeals from that conviction.

On July 7, 1976, the Will County State's Attorney filed an information charging defendant Kijowski and James Garcia with burglary in violation of sections 5—2(c) and 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, pars. 5—2(c) and 19—1(a)). The defendant and Garcia were charged as parties to a burglary which occurred in the early morning hours of June 7, 1976, at the Hillcrest Sporting Goods store in Crest Hill, Illinois. Fernando Thomas was charged in the same information in another count as the principal burglar.

On appeal defendant presents three issues for review: (1) Whether the evidence failed to establish that the person the defendant was alleged in the information to have assisted in the commission of the burglary entered the store; (2) whether the ownership, possession, or control of the sporting goods store allegedly burglarized by the defendant was sufficiently established where the wife of the owner, who had no legal interest in the business, offered the only evidence on that point; (3) whether the court erroneously instructed the jury on the elements of the offense charged.

At the trial the evidence indicated that the Hillcrest Sporting Goods store was burglarized at approximately 1 a.m. on June 7, 1976. Several individuals were allegedly involved in the burglary including the defendant, Walter Kijowski. The alleged principal burglar, Fernando Thomas, testified for the State. He admitted that he had previously pleaded guilty to the burglary and testified to the defendant Kijowski's involvement in the crime. He stated that the burglary had been defendant Kijowski's idea, but that one Richard Thomas, rather than himself, had been the one who had actually entered the store. Fernando Thomas was indicated in the information as the one who entered the store. He testified that he and the defendant, and the others involved remained outside the store and he took the rifles and shotguns as they were handed out through the broken door glass. Because the information charged defendant Kijowski as a party to the crime of burglary in which one Fernando Thomas was the principal, in that Fernando entered the store after breaking in with the requisite felonious intent, defendant argues that the State did not prove all the elements of the offense with which he was charged in light of the above testimony related by Fernando Thomas that he did not enter the store.

■■ We would agree with the defendant's argument were it not for other evidence in the record which supports a contra conclusion that Fernando Thomas was the party who actually entered the store. The State produced Steven Gallagher who was an eyewitness to the burglary.

Gallagher testified that he drove by the Hillcrest Sporting Goods store on his way home from work as the burglary was occurring and saw the guns being removed through the door. His testimony indicated that the area around the store was very well lighted and that he made his observations while driving slowly past the sporting goods store on Route 30. Gallagher testified that his attention was directed toward the store when he heard an alarm bell ringing. He identified three individuals at the front of the store from the clothing they wore. One of the individuals was allegedly wearing a ball cap backwards, one was wearing an orange T-shirt with blue jeans and the third individual had on a white T-shirt with printing on the front. Gallagher's testimony described in detail the clothing worn by the individual he observed inside the store passing out guns to two others outside. Several police officers also testified that the principal burglar named in the information, Fernando Thomas, was wearing the clothing described by Gallagher as worn by Fernando Thomas, when he was arrested. This evidence is clearly supportive of the jury verdict of guilty as to defendant Kijowski as charged in the information, and there is no fatal variance. The proof adduced at the trial conforms to allegations of the information if the jury believed the testimony of eyewitness Steven Gallagher and the several police officers that the principal burglar who entered the store was Fernando Thomas. Defendant's argument that Fernando Thomas' testimony that he did not enter the store, but instead Richard Thomas did, is not persuasive. Such testimony was suspect given Fernando Thomas' own admission to participation in the crime charged and his willingness to testify against a former compatriot in the crime. Because such testimony was suspect and contradicted by other strong evidence, the jury verdict of guilty is the jury's indication that they believed witness Steven Gallagher and the several police officers. The case of *People v. Bueno* (1966), 35 Ill. 2d 545, 221 N.E.2d 270, relied upon by the defendant to support his argument that the State failed to prove the alleged principal burglar, Fernando Thomas, ever committed the burglary is distinguishable, especially when considering Fernando Thomas' admitted participation. The present case involved one burglary of a single store by several participants. In *Bueno* the facts involved two separate sales of illegal narcotics. The proof of the crime must conform to the essential allegations of the information, and in the case at bar the proof did essentially conform to the information. (*People v. Mosby* (1962), 25 Ill. 2d 400, 185 N.E.2d 152.) Here the charge of burglary in the information against the defendant Kijowski was specific enough to allow him to prepare his defense and to protect him from double jeopardy. *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.

■■ On the second issue raised the defendant contends that the State failed to prove the ownership, possession or control of the sporting goods store allegedly burglarized. Mrs. Mary Bolte testified for the prosecution

that she and her husband ran the Hillcrest Sporting Goods store, but that the husband, who did not testify, was the actual owner of the business. Defendant cites the case of *People v. Darling* (4th Dist. 1972), 7 Ill. App. 3d 687, 288 N.E.2d 502, for the proposition that the ownership of an allegedly burglarized building in someone other than the owner or person in control does not sufficiently establish the necessary element of an unauthorized entry. The *Darling* case is published abstract only and relies heavily upon the case of *People ex rel. Ledford v. Brantley* (1970), 46 Ill. 2d 419, 263 N.E.2d 27, which was expressly overruled in *People v. Gregory* (1974), 59 Ill. 2d 111, 319 N.E.2d 483. The Illinois Supreme Court held in the *Gregory* case that a burglary indictment need not allege ownership of the building concerned in order for the entry to be without authority. In the recent case of *People v. Flowers* (2d Dist. 1977), 52 Ill. App. 3d 301, 367 N.E.2d 452, the Second District Appellate court cites *People v. Gregory* (1974), 59 Ill. 2d 111, 319 N.E.2d 483, for authority and held under a similar argument that no error occurred in the State's failure to prove the identity of the owner of the burglarized premises where the proof otherwise established from the circumstances of the defendant's entry into the premises that such entry was unauthorized. We believe the reasoning of the *Gregory* case and the *Flowers* case is compelling and controlling in this case. The evidence produced at the trial otherwise established that the entry into the Hillcrest Sporting Goods store was unauthorized.

As the final issue for review defendant presents the question of whether the trial court correctly instructed the jury on the elements of the crime charged. The information charged the defendant with aiding and abetting Fernando Thomas in the commission of the burglary of the Hillcrest Sporting Goods store on June 7, 1976. People's instruction No. 13, which was the issues instruction, defined the allegations of the offense charged. This was contrary to the allegations in the information that only Fernando Thomas entered the store. The court gave this instruction over the defendant's objection. The instruction permitted the jury to return a verdict of guilty if it found that the defendant had aided and abetted Fernando Thomas or Richard Thomas. Defendant argues that he was prejudiced by this allegedly erroneous instruction and that the jury should only have been instructed concerning the crime as charged in the information. He contends that he was not charged in the information with aiding and abetting Richard Thomas in committing the burglary but rather with aiding and abetting Fernando Thomas, an entirely different principal. His theory is that such an instruction was regarding a crime other than that with which he was charged and requires reversal and remand under the authority of *People v. Stanko* (1949) 402 Ill. 558, 84 N.E.2d 839. We believe *Stanko* is distinguishable. In that case the defendant was convicted of attempt abortion as charged. The supreme

court reversed the conviction and remanded the case because a jury instruction defined the crime of abortion, not the crime charged, attempt abortion, holding that the jury must be instructed only as to the crime charged.

■■■ In the instant appeal the record clearly indicates that only one crime was committed, the burglary actually occurred which was participated in by the several identified individuals. The defendant was charged with being a party in aiding and abetting in the commission of that same burglary. The evidence produced at the trial indicated that either Fernando Thomas or Richard Thomas or both perpetrated the burglary by actually entering the store with the requisite felonious intent. We believe that no fatal variance occurred and that the instruction given properly conformed to the evidence. The information charged defendant with sufficient specificity to prepare his defense to the charge of this burglary. The record of the case would also act as a bar to any subsequent prosecution of defendant for aiding and abetting any other individual in this particular burglary. In *People v. Ruscitti* (1963), 27 Ill. 2d 545, 190 N.E.2d 314, it was held that no fatal variance existed between an indictment charging a defendant with armed robbery and evidence that a companion of the defendant actually committed the robbery while the defendant drove the automobile for their escape. A similar result was reached in *People v. Allen* (3d Dist. 1971), 132 Ill. App. 2d 1015, 270 N.E.2d 54, where the proof showed that the alleged principal armed robber was actually an unarmed accessory. The factual similarity of these cases to the present appeal compels us to adopt the same reasoning and result here. Our logic is supported by section 5—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 5—3), wherein it is stated that a party to a crime who is determined legally accountable for the conduct of another may be convicted upon proof that the offense was committed and that he was so accountable even though the other person is not prosecuted or convicted or even acquitted.

We conclude that one burglary occurred and that one of several individuals was the principal burglar and that the jury verdict of defendant's guilt as a party to the burglary should stand. Although the instruction given in this case is not sanctioned or encouraged by this court we are of the opinion that no reversible error occurred in giving it in the present case.

For the reasons stated defendant's judgment of conviction in the Circuit Court of Will County is affirmed.

Judgment affirmed.

ALLOY and STENGEL, JJ., concur.