THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ROBERT BOCHNIAK, Defendant-Appellee.

First District (1st Division)    No. 80-574

Opinion filed February 17, 1981.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Kathleen Warnick, Assistant State's Attorneys, of counsel), for the People.

Victor F. Ciardelli, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal by the State, pursuant to Supreme Court Rule 604(a)(1), from an order by the trial court sustaining defendant's motion to suppress.

After he received a tip-off that defendant Robert Bochniak and his brother had stolen materials from defendant's place of employment, Officer Stasinopoulos went to 2554 West Augusta in Chicago, believing that to be defendant's home address. Defendant actually resided at 2550 West Augusta. When the officer knocked on the door at 2554 West Augusta, defendant's mother, Mrs. Catherine Olijnek answered.

When the officer informed Mrs. Olijnek that there were stolen goods in the garage, she claimed that it was untrue but invited him to inspect. The officer testified that Mrs. Olijnek and defendant's brother Michael

entered the garage and that he followed. Mrs. Olijnek testified that she did not accompany the officer to the garage. It is undisputed, however, that the door was opened with her key. Inside the garage, the officer found electrical supplies.

Defendant arrived at his mother's home and asked the police what they were doing in the garage. The officer informed him that he was looking for stolen electrical supplies and that he did not need a search warrant because the landlord had granted him entry.

Mrs. Olijnek was the owner of the garage, but had been renting it out to her two sons for $20 per month for approximately 6 years. She testified that she never used the garage.

The trial court sustained defendant's motion to suppress the evidence. The State appeals from that order.

We affirm.

On appeal, the State argues that the trial court erred in sustaining defendant's motion to suppress because (1) defendant's mother had the actual authority to consent to a search of the garage, or (2) defendant's mother had the apparent authority to consent to a search of the garage.

■■ We must first determine whether defendant's mother had the actual authority to consent to the search of the garage. The consent of one who possesses common authority over the premises or effects is valid as against the absent nonconsenting person with whom that authority is shared. (*United States v. Matlock* (1974), 415 U.S. 164, 170, 39 L. Ed. 2d 242, 94 S. Ct. 988; *People v. Stacey* (1974), 58 Ill. 2d 83, 87, 317 N.E.2d 24.) Whether one possesses such authority depends on the particular facts and circumstances of each case.

The State argues that since defendant's mother owned the premises on which the garage was located, retained a key to the garage and had never explicitly been ordered to stay out of the garage, she had the actual authority to consent to the search. Defendant, on the other hand, maintains that since he and his brother rented the garage from their mother for $20 per month and since his mother never used the garage because she had no reason to do so, she did not have any authority to consent to the search.

The fact that defendant's mother owned the garage does not mean that she had the actual authority to consent to a search of the garage. In *United States v. Matlock*, Justice White of the United States Supreme Court stated that "[c]ommon authority is * * * not to be implied from the mere property interest a third party has in the property." (415 U.S. 164, 171 n.7, 39 L. Ed. 2d 242, 250 n.7, 94 S. Ct. 988, 993 n.7; *People v. Ford* (1980), 83 Ill. App. 3d 57, 62-63, 403 N.E.2d 512; *People v. Schlemm* (1980), 82 Ill. App. 3d 639, 644, 402 N.E.2d 810.) Nor does the fact that defendant's mother was in possession of a key to the garage necessarily

vest her with such authority. See *People v. Weinstein* (1968), 105 Ill. App. 2d 1, 245 N.E.2d 788.

■■ Rather, the authority which justifies third-party consent rests on the mutual use of the property by persons generally having joint access or control for most purposes. (*United States v. Matlock* (1974), 415 U.S. 164, 171 n.7, 39 L. Ed. 2d 242, 250 n.7, 94 S. Ct. 988, 993 n.7; *People v. Stacey* (1974), 58 Ill. 2d 83, 317 N.E.2d 24.) Mrs. Olijnek testified that she never went inside the garage and that she had no reason to do so. Thus, the garage was used exclusively by defendant and his brother Michael. We conclude that although defendant's mother owned and retained a key to the garage, she did not have common authority over the premises. Her consent to the search of the garage was therefore invalid.

The State alternatively argues that the search of the garage was valid because defendant's mother had the apparent authority to consent to the search. In support of this argument, the State points to several facts in the record, namely: that defendant's mother answered the door at the address where the police thought defendant resided; that she identified herself as defendant's mother; that she said she owned the premises; that she invited the police to search; that she opened the garage with a key; and that she failed to tell the police that defendant rented the garage from her.

■■ In 1964 in *Stoner v. California* (1964), 376 U.S. 483, 11 L. Ed. 2d 856, 84 S. Ct. 889, the United States Supreme Court considered an argument similar to the one at hand, and held that "[o]ur decisions make clear that the rights protected by the Fourth Amendment are not to be eroded by strained applications of the law of agency or by unrealistic doctrines of 'apparent authority.' " (376 U.S. 483, 488, 11 L. Ed. 2d 856, 860, 84 S. Ct. 889, 892.) Four years later, in *People v. Miller* (1968), 40 Ill. 2d 154, 238 N.E.2d 407, the Illinois Supreme Court was presented with a factual situation under which it easily could have upheld a search conducted pursuant to the consent of one who had apparent authority over the subject property. The supreme court, however, relying on *Stoner* rejected the prosecution's apparent authority argument. Subsequent Illinois cases also have refused to apply the apparent authority doctrine in consent search cases. (See *People v. Schlemm* (1980), 82 Ill. App. 3d 639, 402 N.E.2d 810; *People v. Johnson* (1975), 28 Ill. App. 3d 799, 329 N.E.2d 464.) In accordance with the strong Illinois trend, we reject the State's apparent-authority argument.

For the foregoing reasons, we affirm the order of the circuit court of Cook County.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.