THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WALTER CAUSEY, Defendant-Appellant.

First District (4th Division)   No. 83—372

Opinion filed October 4, 1984.

James J. Doherty, Public Defender, of Chicago (Donald L. Bertelle and Marc L. Fogelberg, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jeanette Sublett, and William G. Lacy, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Walter Causey, was charged with armed robbery, unlawful restraint, and armed violence. (Ill. Rev. Stat. 1981, ch. 38, pars. 18—2(a), 10—3(a), 33A—2.) Following a joint jury trial with codefendant Willie Hall, defendant Causey was found guilty as charged and sentenced to eight years' imprisonment. This appeal involves only defendant Causey.

The issues raised for review are (1) whether the trial court's denial of defendant's motion for severance was reversible error; (2) whether defendant was denied his right of confrontation under the Il-

linois and United States constitutions; and (3) whether prosecutorial misconduct, including the inference that codefendant Hall had implicated defendant Causey, resulted in Causey being denied a fair trial.

We reverse and remand.

According to the facts, as summarized, the victim, a 61-year-old man, testified that he was driving south on Racine Avenue, in Chicago, shortly after midnight on July 15, 1982. While stopped at a traffic light at the intersection of 55th Street and Racine Avenue, a man, later identified as defendant Causey, approached the car. Simultaneously, a second man entered the car on the passenger's side. A third man appeared and all three men entered the victim's automobile. The man in the front, whom the victim identified as Willie Hall, held a knife against the victim's side and ordered him to drive to a secluded area of a public park. The victim testified that he got a good look at defendant Causey as Causey approached the car while it was stopped at the light. He also got a good look at Causey as he drove to the park and later in the park when the three offenders ordered him out of the car.

Once in the park, one of the men put a gun against the victim's head and took the victim's wallet, money and jewelry. Willie Hall took money which the victim had hidden between the seats of the car. The victim was told to lie on the ground, and the offenders drove away in his car. On July 29, 1982, the victim picked Willie Hall and defendant Causey out of a police lineup. He also identified them in court.

Chicago Police Officer John T. Campbell testified that on July 29, 1982, at approximately 4:30 a.m., he observed two men in a parked automobile in the 2100 block on North Sedgewick Avenue. A check of the license plate revealed that it was registered to an automobile that had been reported stolen. The occupants of the stolen automobile were taken into custody. One of them was codefendant Hall.

Chicago Police Officer Mark Reiter testified that he arrested Willie Hall and another man on July 29, 1982. A search of the vehicle in which Hall and his companion were sitting revealed a loaded .25-caliber automatic pistol. The stolen vehicle was identified as belonging to the July 15 robbery victim.

Detective Peatk of the Chicago police department testified that he conducted the lineup on July 29, in which Willie Hall was identified by the victim of the July 15 robbery. Hall told Detective Peatk that he (Hall) and two others had committed the July 15 robbery. He also said that the individual who was with him in the stolen car when they were arrested on July 29 was not involved in the robbery of July 15. After receiving information from Hall regarding the July 15 robbery,

Detective Peatk went to defendant Causey's place of employment and arrested him for participation in the July 15 robbery. Shortly after his arrest, Causey was identified from a police lineup by the robbery victim.

Willie Hall called Miss Brenda Kelly as a witness. She testified that she and the victim of the July 15 robbery met for a date at 12:30 a.m. on that date. They drove to Washington Park, on Chicago's South Side, where they met Willie Hall. Hall then borrowed the victim's car in order to go and purchase marijuana. When Hall failed to return, Brenda left the park by public transportation and the victim sought a ride from a friend.

On cross-examination, Brenda Kelly admitted that Willie Hall was her boyfriend on July 15, 1982. She also admitted that during a telephone conversation with Hall's attorney on the eve of her testimony she had stated that she would not testify in Hall's defense, and later asked the attorney whether she would receive anything in return for her testimony. She stated that she had never revealed the information contained in her testimony to the police, Hall's attorney, or anyone else prior to testifying.

The victim denied knowing Brenda Kelly or ever having a date with her. Neither Willie Hall nor defendant Causey testified.

The jury found defendant Causey guilty of armed violence, unlawful restraint, and armed robbery. He was sentenced to eight years' imprisonment. Codefendant Hall received a six-year sentence for his conviction.

On appeal, defendant Causey contends that the trial court's denial of his motion for severance was reversible error. He points out that during a hearing on the motion the trial court was told by the prosecutor that evidence would be offered to show that codefendant Hall's confession had incriminated defendant Causey. Defendant relies primarily on *People v. Buckminster* (1916), 274 Ill. 435, 113 N.E. 713, in which the Illinois Supreme Court held that where a defendant makes an admission or confession which implicates a codefendant severance should be allowed unless the prosecutor makes it clear that the admission or confession will not be introduced into evidence.

■ The general rule is that those indicted jointly for the commission of a crime are to be tried together and the granting of a separate trial is within the sound discretion of the trial court. That discretion is judicial, not arbitrary, and if the circumstances are such that a defendant will be prejudiced by a joint trial, a severance *must* be ordered. (*People v. McVay* (1981), 98 Ill. App. 3d 708, 715, 424 N.E.2d 922, 926.) It is the rule that when a motion for a separate trial is based on

the fact that a codefendant's confession implicates the moving defendant a severance should be granted unless the prosecution declares that the admission will not be offered in evidence, or if offered, all reference to the party seeking severance will be eliminated therefrom. *People v. Miller* (1968), 40 Ill. 2d 154, 158, 238 N.E.2d 407, 409.

In a recent decision, the Illinois Supreme Court noted that in ruling on a motion for severance the trial judge must make a prediction about the likelihood of prejudice at trial, taking into account the papers presented, the arguments of counsel, and any other knowledge developed from the proceedings. (*People v. Daugherty* (1984), 102 Ill. 2d 533, 541.) In *People v. Clark* (1959), 17 Ill. 2d 486, 491, 162 N.E.2d 413, 417, our supreme court said that although the trial court could not have foreseen the exact manner in which one defendant's confession would be connected with his codefendant, the prosecutor put the court on notice that such a course would be followed. That is precisely the situation in this case. The record supports defendant's contention that during the hearing on the motion for severance the prosecutor told the court that Willie Hall's inculpatory statement would be introduced through the testimony of Detective Peatk. The statement would say that Hall admitted having an accomplice in the robbery and that Peatk later arrested defendant Causey for the robbery.

The omission of defendant Causey's name from the statement did not disguise the fact that Hall told Detective Peatk that another man was involved in the robbery, and immediately thereafter the detective went to Causey's place of employment and arrested him. Defendant argues persuasively that there is no difference between referring to him by name and presenting evidence which fully advises the jury that he was the accomplice named in his codefendant's confession. *People v. Clark* (1959), 17 Ill. 2d 486, 491-92, 162 N.E.2d 413, 417.

■ In spite of the deletion of Causey's name from Hall's inculpatory statement, it was clear that Causey had been implicated by Hall. Further, in light of the prosecutor's statement at the pretrial hearing on the motion for severance that the information would be introduced into evidence through the testimony of Detective Peatk, it was prejudicial error for the trial court to have denied the motion for severance. Because the prejudicial error that the motion for severance was designed to prevent actually occurred in this case (*People v. Daugherty* (1984), 102 Ill. 2d 533), the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

In light of our ruling that the cause must be reversed and re-

manded for a new trial, we need not consider the additional issues raised by defendant Causey. Further, matters such as improper prosecutorial comments are unlikely to arise again in a second trial.

Reversed and remanded.

LINN, P.J., and JIGANTI, J., concur.