THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MIGUEL CRUZ, Defendant-Appellant.

First District (2nd Division)   No. 1—88—0002

Opinion filed March 30, 1990.

Randolph N. Stone, Public Defender, of Chicago (Thomas N. Switel, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, William D. Carroll, and John M. Donnelly, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

After a bench trial, defendant Miguel Cruz was convicted of delivery of a controlled substance and was subsequently sentenced to a 12-year term of imprisonment. On appeal he contends that he was not proved guilty beyond a reasonable doubt and that the trial court improperly admitted hearsay evidence.

At trial Chicago police detective Michael Bobko testified that on January 27, 1987, he was working in the narcotics section. During the afternoon he had three or four telephone conversations with Judy Torres and made arrangements to purchase two ounces of cocaine.

Around 7 p.m., Bobko drove his unmarked police car to 4877 N. Kenmore, Chicago. He honked his horn twice, and two females entered his car. A confidential informant sat in the rear seat, and Torres sat in the front passenger seat.

The assistant State's Attorney asked Bobko to testify about the conversation he had with Torres while they were in his car. Defendant entered a continuing objection that the testimony should be excluded because it is hearsay, violated defendant's confrontation right and the State had not shown by independent evidence that a conspiracy existed between defendant and Judy Torres. The trial court reserved ruling on defendant's objection.

Torres told Bobko that they were going to meet Mikey. Bobko

had never heard of this supplier before. Torres explained that her usual supplier was not available, but this person had instructed her to contact Mikey. She told him that the cocaine cost $1,500 an ounce, Mikey was from the same family and had the same cocaine as her usual supplier, he would be happy with the cocaine and that she had transacted business with Mikey several times in the past. As they drove north on Clark Street, Torres told Bobko to pull into the parking lot of a Zayre Department Store. Torres said that she had to call Mikey to arrange the delivery. She got out of the car and walked to the foyer of the store. She was out of Bobko's sight for about 15 minutes.

When Torres returned to the car, she said that she had to make some telephone calls from a gas station mini-mart down the block. As Bobko pulled into the gas station, he noticed a large blue Oldsmobile, with black-tinted windows and a louvered rear windshield cover, parked near the pay phone. Torres said that the car belonged to Mikey, but Bobko should not go near it. Bobko parked on the opposite side of the gas station.

Torres got out of the car and told Bobko to wait while she went to talk to Mikey. She went over and leaned into the passenger window of the blue Oldsmobile for about 1½ minutes. As she was walking back to Bobko's car, the blue Oldsmobile pulled alongside Bobko's car and stopped. The passenger window was down and Bobko saw a person, identified as defendant, looking at him and the confidential informant for about 15 to 20 seconds. Defendant looked straight at Bobko from a distance of about five feet. The Oldsmobile then pulled out of the gas station.

Torres entered the car and said that Mikey was in the Oldsmobile. Mikey told her that he was checking out Bobko; the package had already been weighed; he lived about one block away; and his wife was waiting with the package so he could make the deal. Bobko, Torres and the informant waited in the parking lot of the gas station.

Ten to fifteen minutes later, Bobko saw defendant enter the gas station parking lot, on foot, from the alley behind the gas station. Bobko asked Torres if that was Mikey. She said that it was and told him to wait in the car. Defendant and Torres walked into the mini-mart and walked out of Bobko's view.

One or two minutes later, Torres left the mini-mart and quickly walked to Bobko's car. Defendant was inside the mini-mart standing by the glass doors and facing Bobko.

Torres got into the car and handed Bobko a clear plastic bag con-

taining a white powder. He opened the bag and noticed a strong cocaine smell. He counted and gave Torres $1,500. She said that she would be right back with the second bag and left the car. She reentered the mini-mart and walked out of his view. Bobko also noticed that Chicago police officer Alfred Pappalito, one of the members of his undercover surveillance team, was in the mini-mart. About one minute later Torres reappeared at the door of the mini-mart, walked directly to Bobko's car and entered it. She handed him a second clear plastic bag containing a white powder and said "[h]ere is number two." Bobko counted and then handed her another $1,500. She said that she would be right back, walked into the mini-mart and out of his view. Officer Pappalito was leaving the store as Torres was reentering it. Defendant was still inside the mini-mart.

Bobko gave cab fare to the confidential informant and instructed her to tell Torres that he was in a hurry and they should take a cab back to the Kenmore address. She left the car. Bobko then drove around past the door of the mini-mart, looked into the window and saw defendant and Torres talking face to face. Bobko honked his horn and waved.

On cross-examination, Bobko testified that neither he, nor any officer, strip searched Torres before she entered the mini-mart to ascertain whether she was concealing the cocaine. Torres told him that she did not have any cocaine on her before the transaction. In fact, she told Bobko that she expected him to give her some cocaine once the transaction was completed. On redirect, Bobko testified that when Torres left the vehicle the first time, he radioed the Illinois license plate number of the Oldsmobile and used that as a tentative identifier of defendant.

The trial court then ruled that Torres' statements were admissible under the coconspirator exception to the rule against hearsay.

Chicago police detective Alfred Pappalito's testimony generally corroborated Bobko's. When Torres left the mini-mart for the first time, Pappalito went inside the mini-mart. Defendant was already inside the mini-mart. Defendant was holding something in a closed fist by the side of his body. Torres reentered the mini-mart, gave defendant some money and he handed her a plastic bag containing a white substance. Torres then left the mini-mart and went back to Bobko's car. Pappalito then left the mini-mart because he felt that he had been there too long.

On cross-examination, Pappalito testified that he could not identify which of the two clear plastic bags was the one he saw in defendant's hands. He did not strip search Torres before she entered

the mini-mart.

The parties stipulated the two clear plastic bags Bobko recovered and inventoried on January 27, 1987, contain 28.39 and 28.91 grams of cocaine, respectively.

The State rested. Defendant's motion for a directed verdict was denied. The defense then rested.

Defendant was found guilty of delivering more than 30 grams of cocaine. After a hearing on defendant's post-trial motion, the court overruled his objection to the use of Torres' out-of-court statements and modified its original verdict finding defendant guilty of delivery of between 10 and 30 grams of cocaine. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b)(2).) After hearing evidence in aggravation and mitigation, defendant was sentenced to a 12-year-term of imprisonment. Defendant appeals.

I

Defendant contends that without the erroneous admission of the alleged hearsay testimony of Torres, the State failed to prove defendant guilty beyond a reasonable doubt. We disagree.

■■ ■ A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, *cert. denied* (1985), 474 U.S. 935, 88 L. Ed. 2d 274, 106 S. Ct. 267.) When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant. (106 Ill. 2d 237, 478 N.E.2d 267.) Rather, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 453.

Defendant cites several cases to support his proposition that the State did not establish that defendant delivered a controlled substance to Bobko. (See *People v. Davis* (1958), 13 Ill. 2d 211, 148 N.E.2d 771; *People v. Sullivan* (1962), 23 Ill. 2d 582, 179 N.E.2d 634; *People v. Bueno* (1966), 35 Ill. 2d 545, 221 N.E.2d 270.) Those cases are inapposite, since in those cases there was no independent eyewitness evidence to establish that the defendant was at the scene of the drug transaction or that he shared the common illegal purpose of the codefendant. In the case at bar, the defendant was at the scene and performed affirmative acts to accomplish the illegal deliv-

ery. Bobko testified that defendant checked him out before going on with the deal. This implicated defendant in the drug transaction. Pappalito saw defendant hand a clear plastic bag containing cocaine to Torres, who then gave the bag to Bobko.

Although defendant concedes that Torres delivered two bags of cocaine to detective Bobko on the night of January 27, 1987, he contends that the record does not show beyond a reasonable doubt that the defendant supplied Torres with the cocaine in question. Specifically, defendant asserts that because the police did not search Torres prior to her delivery of the cocaine and Detective Pappalito could not identify which particular bag of cocaine he saw defendant hand Torres in the mini-mart, the trial court failed to exclude every reasonable hypothesis of defendant's innocence.

■■ This argument is without merit because it ignores the proper standard of review. In *People v. Pintos* (1989), 133 Ill. 2d 286, 549 N.E.2d 344, our supreme court held that the standard of review of sufficiency of the evidence on appeal is "beyond a reasonable doubt" and not whether every "reasonable hypothesis of innocence" has been excluded. (133 Ill. 2d at 290-91.) Defendant was clearly guilty beyond a reasonable doubt of the crime of delivery of a controlled substance. Torres identified defendant as her supplier. The police saw defendant exchanging cocaine for money with Torres. Furthermore, defendant was at the scene of both drug transactions, had watched Torres deliver cocaine to Bobko and thus knew that Bobko was the ultimate purchaser of his cocaine. Moreover, Pappalito testified that he identified one of the bags that Bobko purchased from Torres as the one he saw defendant hand to Torres.

Defendant's argument also fails to consider what would have happened to the police undercover operation if the police had searched Torres before she delivered the cocaine. If the police had searched Torres prior to her meeting with defendant, the entire undercover operation would have been ruined. Torres would have undoubtedly suspected that Bobko was a police officer and never arranged the drug purchase.

■■ Therefore, when viewing the evidence in the light most favorable to the prosecution, it can be said that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Young*, 128 Ill. 2d 1.) Bobko's and Pappalito's testimony, exclusive of the alleged hearsay conversation with Torres, sufficiently established defendant's guilt. Therefore, defendant's conviction for delivery of a controlled substance is affirmed.

Since defendant's guilt was established without reference to

Torres' statements, it is not necessary for us to consider the assignment of error regarding the alleged hearsay.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.