THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
IMOGENE RITTER, Defendant-Appellant.
Third District    No. 80-174

Opinion filed October 9, 1980.

Robert Agostinelli and Charles W. Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:
The defendant, Imogene Ritter, was charged by indictment with the offenses of theft of property having a value in excess of $150 and resisting a peace officer. Upon a plea of not guilty, the defendant was tried by jury and found guilty of both offenses, as charged. The defendant was subsequently sentenced to a term of seven years' imprisonment on the theft conviction and 364 days' imprisonment on the resisting conviction, to be served concurrently.
In her appeal, the defendant raises only one issue: whether she was proven guilty of felony theft where the undisputed evidence affirmatively established that the value of the goods alleged in the indictment to have been stolen by the defendant totaled less than $150.

To properly consider the issue raised we must examine the following relevant facts. On October 8, 1979, at 8 p.m., the defendant was observed by two employees running from a Sears store after one of the employees saw the defendant place a woman's outfit into a large paper bag. Approximately four minutes later, the defendant was apprehended on a nearby street by Eddie Stinson, a police officer and security officer at Sears. A shopping bag in the defendant's possession at the time of her apprehension contained a brown wig, a blue smock, and six outfits with price tags on hangers. Each of these items was admitted into evidence and a State's witness testified that the six garments on hangers were from Sears. The price tags on the garments indicated that their prices were as follows: Exhibit 1—$25; Exhibit 2—$24; Exhibit 3—$25; Exhibit 4—$19; Exhibit 5—$38; and Exhibit 6—$31; a total of $162 for the six items.

The indictment charging the defendant with felony theft alleged that the defendant exerted unauthorized control over five women's suits belonging to Sears, having a total value in excess of $150. Because the total value of any five of the garments in the bag ranged from $124 to $143, the defendant contends that the proof offered at trial did not conform to the essential allegations of the charging instrument. Therefore, she argues, her conviction should be reduced from felony theft to misdemeanor theft.

The State argues that the number of garments specified in the indictment was a mere typographical error which did not prejudice the defendant in preparing her defense against the charge and does not warrant a reversal of her felony theft conviction. Additionally they argue that the error was a formal one, correctable by amendment at any time pursuant to section 111—5(a), (d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—5(a) and (d)). Finally the State contends that since the defendant was charged with only one crime, *i.e.*, the single theft of a number of items, and the proof showed that six items totalling more than $150 in value were stolen, all the necessary elements sufficient for a felony theft conviction were present.

■■ We agree with the defendant that the issue here is not a typographical error in the indictment despite efforts by the State to so characterize it. We also note that the State did not seek to correct the formal error in the indictment at any time prior to the present appeal despite arguments by defense counsel in closing argument and in a motion for a new trial which focused on the variance between the indictment and the proof offered at trial. For these reasons, we believe the defendant had every right to rely on the indictment as written.

■■ We must now consider whether the variance between the indictment and the proof offered at trial is fatal to the defendant's conviction. We hold that it is not.

As this court stated in *People v. Taylor* (1980), 84 Ill. App. 3d 467, 469-70, 405 N.E.2d 517, 519:

"In examining the effect of a variance between the charging instrument and the proof presented at trial, the test is whether the offense charged is sufficiently set forth so that an accused can properly prepare his defense and raise the judgment as a plea in bar to a later prosecution for the same offense. If those requirements are satisfied, a variance between the allegations and proof will not be fatal. (*People v. Jayne* (1977), 52 Ill. App. 3d 990, 368 N.E.2d 422; *People v. Beacham* (1977), 50 Ill. App. 3d 695, 365 N.E.2d 737.) To be fatally defective, the variance must be material and of such character as to have misled the accused in making his defense or exposed him to double jeopardy. (*People v. McGee* (1979), 72 Ill. App. 3d 576, 391 N.E.2d 5.) In applying this test, all of the evidence produced at trial can now be considered in determining whether a trial is a bar to future prosecutions. *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437."

In the instant case, it is undisputed that the State proved that six items, with a total value of $162, were stolen from Sears and were found in the defendant's possession at the time of her apprehension. Upon this basis, the defendant was found guilty beyond a reasonable doubt of a single felony theft of items totalling more than $150 in value. The fact that the indictment indicated that five items were taken is an immaterial error and cannot serve as the basis for a reversal of the defendant's conviction.

In so holding we distinguish the cases of *People v. Bueno* (1966), 35 Ill. 2d 545, 221 N.E.2d 270, and *People v. Kijowski* (1978), 61 Ill. App. 3d 809, 377 N.E.2d 1324, relied on by the defendant, and adhere to the principles announced in *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437. In *Bueno* the Illinois Supreme Court reversed the defendant's conviction where the defendant was charged with delivery of narcotics to a police officer, but the proof at trial established at most that the defendant sold narcotics to a co-defendant. In reversing the conviction, the court noted that the issue involved was not a variance between the indictment and the proof but of whether the State proved the charge set forth in the indictment. As indicated previously in this opinion, we believe the State in the present case proved the essential elements of the crime charged beyond a reasonable doubt. In *Kijowski* the defendant claimed a fatal variance between the charge and the evidence, as well as between the charge and the jury instructions, with regard to whether the defendant was a principal or was merely guilty under an accountability theory, a claim which was rejected by the court. In *Pujoue* the Illinois Supreme Court held that a charging instrument challenged as being defective will

be considered sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.

In the present case, the fact that the indictment accused the defendant of taking five garments with a total value in excess of $150 did not hamper the defendant in the preparation of her defense. In addition, her resulting conviction is obviously a bar to any future prosecutions arising out of the same conduct since it gave the date and specific location of the alleged offense and all other required relevant information.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.