THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DENNIS HOLLOWAY, Defendant-Appellant.

Third District    No. 80-300

Opinion filed December 10, 1980.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Having been found guilty of burglary following a bench trial in the Circuit Court of Kankakee County, and having been sentenced to a term of imprisonment of five years, the defendant, Dennis Holloway, brings

this appeal in which he raises two issues. The first issue is whether the defendant's conviction must be reversed because the State failed to prove an allegation of the indictment.

In the indictment it was alleged that the burglarized building was a storage building in the care, custody and control of Charles June in his capacity as director of the Kankakee County Housing Authority. Mr. June testified that the building was divided into two sections, with a day-care center in the front and a maintenance shop in the rear. He further testified that the Housing Authority was not responsible for the day-care center since that portion of the building was leased to the Kankakee Community Action Program.

Mr. June did testify that the defendant was not an employee of the Housing Authority and, as far as he knew, had no authority to enter the building located at 380 North Wildwood in Kankakee. Later in the trial the State called Arementa Ervin, supervisor of the headstart center in the leased portion of the building, who testified that she had not given the defendant permission to enter the building.

■■■ Although we agree with the defendant that the proof at trial should conform to the essential allegations of the charging instrument (see *People v. Tate* (1980), 87 Ill. App. 3d 21, 408 N.E.2d 1158), we also recognize that a minor variance, which does not render the charging instrument defective by reason of its failing to apprise the accused of the precise offense charged with sufficient specificity to prepare his defense and to allow his pleading a resulting conviction as a bar to future prosecution arising out of the same conduct, will not warrant a reversal of a conviction. (*People v. Ritter* (1980), 89 Ill. App. 3d 113, 411 N.E.2d 560.) This court has also recognized that ownership of the burglarized premises is not an element of the offense of burglary and that the failure to allege ownership can not bar a conviction where the defendant was not prejudiced in the preparation of his defense. *People v. Bailey* (1980), 80 Ill. App. 3d 242, 399 N.E.2d 724.

The fact that the Housing Authority, while owning the building, leased the portion of the building that was actually entered to another organization, is, however, such a significant variance as to warrant a reversal. For the purposes of offenses against property, an owner is defined as "a person, other than the offender, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the offender has no authority to exert control over the property." Ill. Rev. Stat. 1979, ch. 38, par. 15—2.

This is not a case in which ownership is not alleged, as in *Bailey*, nor is it a case in which the corporate existence of the alleged owner has not been proved, as in *In re W. S.* (1980), 81 Ill. 2d 252, 408 N.E.2d 718. This is

a case in which the property interest alleged has not been proved, as in *Tate*.

■■ ■ While the lessor has an interest in the property, the Housing Authority is not an entity without whose consent the offender has no authority to exert control over the property, since it is the lessee who has that power. While ownership need not be proved, it should be proved that the person named in the indictment had a possessory interest in the property at the time of the offense. (*People v. Decker* (1974), 19 Ill. App. 3d 86, 311 N.E.2d 228.) In this case, Mr. June testified that he, as director of the Kankakee County Housing Authority, had no possessory interest in the burglarized portion of the building and that the Housing Authority was not responsible for the day-care center. Therefore, the defendant's conviction must be reversed.

The second issue raised by the defendant is whether the $65 costs taxed to him for State's Attorney's fees pursuant to section 13 of division XIV of the Criminal Code of 1874 (Ill. Rev. Stat. 1979, ch. 38, par. 180—3) and section 8 of "An Act concerning fees and salaries * * *" (Ill. Rev. Stat. 1979, ch. 53, par. 8), should be reduced to $50. The defendant argues that the taxation of $65 results from the application of a new fee schedule to an offense which occurred prior to the effective date of the fee schedule, thereby violating the prohibition against *ex post facto* laws.

However, since the taxation of said costs can only be had if the defendant is convicted (Ill. Rev. Stat. 1979, ch. 38, par. 180—3), and since we have reversed the defendant's conviction, we need not decide this issue, for no costs should now be taxed against the defendant. Accordingly, the Kankakee County Circuit Court's judgment of conviction and order taxing $65 costs for State's Attorney's fees against the defendant are both reversed.

Reversed.

ALLOY, P. J., and BARRY, J., concur.